# Walton v. The State.

*Indictment for Selling Liquor to Person of Known Intemperate Habits.*

1. *Penal laws; how construed.*—Though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislature; nor is the maxim to be so applied as to exclude from the operation of the statute, cases which the words in their ordinary acceptation, or in the sense in which the legislature obviously used them, would comprehend.

2. *Code of 1876 ; § 4205 construed.*—Section 4205 of Code of 1876, when construed in connection with the common law, embraces one who procures the act denounced by it to be done, although he may not *actually* commit the offense. It is enough that he be present, procuring or counseling, aiding or abetting, the person who actually delivers the liquor to one of the prohibited class.

3. *Same; what act within.*—A bar-keeper who sells liquor to a third person, with a knowledge that a person of known intemperate habits is to join in the drinking of it, and permits such intemperate to drink such liquor in his bar, or in his presence, is as guilty of the offense denounced by § 4205 of the Code of 1876, as if he had personally sold and delivered the liquor to such intemperate person.

4. *Charge; what erroneous.*—Under an indictment for the offense denounced by section 4205 of the Code of 1876, a charge which is so worded as to require the acquittal of the defendant, if he did not sell, or intend to sell, to a person of known intemperate habits, though he may have aided and abetted the giving of the liquor to him, is erroneous.

5. *Sentence; what valid.*—The court disapproves the practice of sentencing persons to hard labor to pay the fine and costs, without specifying the amount of the fine and costs or number of days of labor ; but the sentence is not invalid on that account.

APPEAL from Elmore Circuit Court.

Tried before Hon. JAMES Q. SMITH.

The appellant, George Walton, was convicted of selling spirituous liquors to one George W. Butler, a person of known intemperate habits. Butler, as a witness for the State,

testified that the defendant had never sold any liquor to him personally; that he had on several occasions applied to defendant to purchase liquor, which the defendant had positively refused to sell him, stating as a reason that his employer had forbidden him to sell him (Butler) any liquor. This witness further testified that, within twelve months of the finding of the indictment in this cause, he went into the bar-room of defendant with another person; that said person asked the defendant for liquor; that the defendant set the bottle of liquor out on the counter to Butler and said person, who both drank of it, the other person paying for said liquor; that the drinking was done at the bar of defendant and in his presence. There was a conflict of testimony as to whether the said Butler was a person of known intemperate habits. This was all the evidence in the case, and the defendant asked the following written charges:

1st. That the jury must believe from the evidence, beyond all reasonable doubt, that George Walton did actually sell or give liquor to Butler, and that he knew at the time that Butler was a man of known intemperate habits, before they can find him guilty."

2d. "That if the jury believe from the evidence, that the defendant sold the liquor to a third person and the third person gave it to Butler, then they must find the defendant not guilty."

3d. "A bar-keeper has no right to dictate to a purchaser of liquors at his bar, how the purchaser shall dispose of the liquor so bought of him, and if the purchaser calls up a person of known intemperate habits to drink with him, the bar-keeper has not violated the provisions of the statute forbidding the selling or giving away of intoxicating liquors to persons of known intemperate habits."

4th. "That the jury must believe from the evidence, beyond a reasonable doubt, that Butler was a man of known intemperate habits, and that this fact was brought home to the defendant, and that after this knowledge he sold liquors to Butler as charged in the indictment, before they can find the defendant guilty."

The court refused to give any of these charges, and the defendant separately excepted. The jury found the appellant guilty and assessed a fine of one hundred dollars, and the court sentenced him to thirty days hard labor for the fine, and "to additional hard labor until the costs are paid." From this judgment the defendant appeals, and assigns as error the various rulings to which exceptions were reserved.

W. P. GADDIS and THOS. H. WATTS, Sr., for appellant.

HENRY C. TOMPKINS, Attorney-General, *contra*.

BRICKELL, C. J.—The offense charged against the appellant is *malum prohibitum*; it is created and defined by statute. Statutes imposing penalties, or which create offenses, and declare the punishment which must follow conviction, are strictly construed. This rule, it was said by MARSHALL, C. J., in *United States v. Wiltberger*, 5 Wheat. 76, is not much less old than construction itself; and "is founded on the tenderness of the law for the rights of individuals; and on the plain principle, that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime and ordain its punishment." Though penal laws are to be construed strictly, they are not to be construed so strictly as to defeat the obvious intention of the legislative; nor is the maxim to be so applied as to exclude from the operation of the statute, cases which the words in their ordinary acceptation, or in that sense in which the legislature obviously used them, would comprehend. In *Huffman v. State*, 29 Ala. 44, this court said: "While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, when *its words* are broad enough to embrace such case."

The statute on which the indictment is founded (Code of 1876, § 4205,) declares, "any person, whether with or without a license, who shall sell or give away spirituous, vinous, or malt liquors, in any quantity whatever, to minors, or persons of known intemperate habits, except upon the requisition of a physician for medicinal purposes, is guilty of a misdemeanor," &c. It is silent as to persons who may aid, abet, counsel, encourage or procure the selling or giving of such liquors to the persons of the prohibited class. Statutes, civil and criminal, are necessarily construed in connection with the common law, and the words may contract or expand according to the acceptation they bear in the common law. The rule of the common law is, that in all crimes, under the degree of felony, there are no accessories either before or after the fact; but all persons concerned therein, if guilty at all, are principals.—4 Black. 36. When a statute makes the thing done a misdemeanor, persons who procure it to be done, though not present, are considered as, in contemplation of law, actually doing it.—Bish. Stat. Crimes, § 136. The general rule, that all present at the time of committing

an offense are principals, although one only acts, if they are confederates, and engaged in a common design of which the offense is part, applies to offenses by statute as well as at common law.—1 Russ. Crimes, 27.   The procurer and counseller, the aider and abettor are, in the light of the common law, principals, doing the criminal act equally with him whose hand performs it, and may be indicted jointly with him, or severally.   When the statute is read and construed in connection with the common law, they are comprehended within its terms, and to exclude them would narrow the just meaning of the words, circumscribing the operation of the statute, and leaving room for *subtle inventions and evasions*, to continue the mischief it is designed to suppress.   However improper or immoral may be the conduct of a man, though it may manifest an indifference whether the law and social duty are regarded and kept, or violated, it is not this impropriety or indifference which will involve him in the guilt of another who may do a criminal act.   There must be participation in the evil design, and his acts must be such as directly and immediately, if not necessarily, leads to the commission of the offense.—4 Black. 34, n. 2; *Rockway v. People*, 2 Hill (N Y.) 5ɔ8.

There was evidence, properly submitted to the jury without objection on the part of the appellant to its admissibility, having a tendency to prove that he sold the liquor with a knowledge that Butler was to join in drinking it, though another was the purchaser and gave it to Butler.   The sale and gift to Butler was a continuous transaction.   Before the transaction Butler had more than once applied to the appellant to purchase liquor, and because of his intemperate habits the appellant had refused to give or to sell to him. If Butler's intemperate habits were known to the purchaser, without violating the statute, he could not have given him the liquor.   Whether the appellant participated in his criminal design and act, and by such participation became with him a principal, was a question of fact for the jury.   It was not necessary that he should, in the language of one of the instructions, have *actually* sold or given to Butler.   It is enough that intending that Butler should have the use of the liquor, he sold to another to be given him.   Nor is it true‘ that a vendor of liquors has no right *to dictate* to a purchaser how he shall use liquors purchased at his bar.   It is not only his right but his duty, to see that in his bar, and in his presence, such liquors are not given to persons of the class to whom the statute interdicts a sale or gift.   The fourth instruction would have authorized an acquittal of the appellant, if he did not sell or intend to sell to Butler, though he

may have aided and abetted the giving of the liquor to him, and for that, if no other reason, was properly refused. The case of *Young v. State*, 58 Ala. 358, to which we are referred, is obviously different from the present case. There an agent purchased liquor for his principal, a person of known intemperate habits, and as he was the mere agent of the purchaser, and the statute is not directed against the purchaser, but the seller or giver, it was held he was not within the words. But it was said, if he had been known to the seller as the mere agent of the person of known intemperate habits, the seller ought to have been indicted.

The sentence of the court is in the form which has been recognized by this court. In my opinion it is irregular, and ought to have specified the amount of the costs, and the number of days of hard labor the appellant should perform in payment of them. The practice has been otherwise and can not be disturbed.—*Walker v. State*, 58 Ala. 393.

The judgment is affirmed.