## DUKES *vs.* THE STATE OF GEORGIA.

Under the act of August 9, 1881 (acts 1880–81, p. 591), it is a criminal offence to sell or furnish intoxicating liquor in the 714th district of Carroll county, in which the town of Carrollton is located. Where a quart of whiskey was furnished to a woman in that district, this was sufficient to warrant a conviction, although the whiskey was alleged to be for the use of a sick woman who resided six miles away, whose husband had sent for it by the person receiving it, and although the defendant may have refused to sell it or receive pay for it, and may have furnished it as a gift.

December 21, 1886.

Criminal Law.   Liquor.   Before Judge ADAMSON.   City Court of Carrollton.   April Term, 1886.

Reported in the decision.

E. B. MERRELL; OSCAR REESE, for plaintiff in error.

C. P. GORDON, solicitor city court, for the State.

HALL, Justice.

The defendant, Tom Dukes, was indicted and convicted under an act of the legislature, approved on the 9th day of August, 1881, for selling and furnishing intoxicating liquor in the 714th district of Carroll county, in which the town of Carrollton is located.   Acts of 1880 and 1881, p. 591.   By the terms of the act, the " selling or furnishing" intoxicating liquor in that district is made indictable, and upon conviction, subjects the offender to the penalty there-

by·prescribed. That a quart of corn whiskey, alleged to be for the use of a sick woman, was furnished as charged in the indictment, was fully proved on the trial, but whether it was delivered to and consumed by her was not shown ; her husband sent for it by another woman and gave her seventy cents to pay for it. The defendant said he would not sell it, but would give it to her; she, however, left the seventy cents at his house, and returning later, found there the identical money, which she took and returned to the sick woman's husband. It was insisted that the defendant had a right to give the liquor away for the purpose stated, and that furnishing without selling it was not a violation of the act; but we are of a different opinion ; besides, we think that a sale might have been inferred from the facts in proof; the exhibition of the money, and the leaving it at the place, and the subsequent return of the party who procured the whiskey, and her taking possession of the money in the absence of the defendant, after having delivered the whiskey to the husband, who lived with his sick wife some six miles from Carrollton, in the country, taken in connection with other facts, are, to say the least, very suspicious circumstances, which indicate that the spirits were actually sold ; but, independent of any sale, we hold that the bare fact of furnishing spirituous liquors was a violation of the act ; especially is this so where as much as a quart was supplied at once. Whether taking a social drink with a friend or comrade within the district where the sale or furnishing of intoxicating liquors is prohibited, would be a violation of the law, we do not decide, as that is not the case made by this record, and it would not be proper to decide in advance a question that may never be made. "Sufficient unto the day is the evil thereof." · The conviction and punishment of this defendant was proper, and there was no error in overruling his motion for a new trial.

Judgment affirmed.