# Page *v.* The State.

### *Indictment for Selling or Giving Liquor to a Minor.*

1. *Constituents of offense.*—A conviction may be had for selling or giving liquor to a minor (Code of 1876, § 4205; Code of 1886, § 4038), on proof that the minor and his uncle came into the defendant's sa-

[Page v. The State.]

loon, and the uncle called for two drinks; that the defendant set out a bottle of whisky, with two glasses; that two drinks were poured out, for which the uncle paid, and gave one of them to the minor, who thereupon drank it in the defendant's presence. On these facts, although the defendant may not (or could not) have *known* when he furnished the liquor, that one of the drinks was intended for the minor, he must reasonably have understood that such was the intention, and that was sufficient to charge him with notice.

2. *Sufficiency of indictment.*—An indictment for selling or giving liquor to a minor, under the Code of 1876 (§ 4205), was required to negative the requisition of a physician for medical purposes; but, under the act approved February 26th, 1881, it was required to negative also the consent of the parent, guardian, or person having the management and control of the minor.

APPEAL from Jackson Circuit Court.
Tried before the Hon. L. F. Box.

BROWN & KIRK, for appellant.

THOS. N. McCLELLAN, Attorney-General, for the State. There is but one point in this case, and that was decided against appellant in *Walton v. State*, 62 Ala. 197.

STONE, C. J.—The defendant was indicted under § 4205 of the Code of 1876, charging that he sold or gave away "spirituous, vinous or malt liquors to Forest Driver, a minor, without the requisition of a physician for medical purposes." Forest Driver's minority was clearly proved, and it was both proved and admitted that Page, a saloon keeper, sold the spirituous liquor, and that it was drunk at the counter of the saloon in Page's presence. The case is not distinguishable from *Walton v. State*, 62 Ala. 197, save in a single particular, presently to be pointed out. The testimony most favorable to the accused was that of the defendant himself. He testified that "on one occasion last fall, Driver's uncle, Dave Driver, came into my saloon and called for two drinks of liquor and paid for them. He drank one, and handed the other to his nephew, who was standing near by, and he, Driver drank it. I saw him when he took the liquor, and drank it. I did not say any thing or do any thing to prevent his taking the drink, but I did not know at the time he got the liquor that he intended one of the drinks for his nephew, Driver." This alleged want of knowledge on Page's part that one of the drinks bought and paid for by Dave Driver was intended for Forest Driver, the minor, is the difference between this case and that of Walton *supra.*

Forest Driver, the minor, testified that " on one occasion in the fall ot 1887, his uncle Dave Driver, took him, witness, into the defendant's saloon, where the defendant was at the time behind the counter waiting upon customers, and called for whiskey. The defendant set out two bar glasses and a bottle of whiskey upon the counter, and he, witness, and his uncle poured out a drink each and drank it, and his uncle paid for the two drinks."

Hunbree, Page's clerk, testified that " on two or more occasions he had seen the witness, Forest Driver, come into the defendant's saloon with other persons, who would buy whiskey at defendant's bar, sometimes from the defendant, and sometimes from this witness, and they would drink it at the bar, the person treating young Forest Driver paying for it. He thinks he saw young Driver's uncle, Dave Driver, do this on one occasion."

The defendant requested the court to charge the jury, that "unless the defendant knew at the time he sold the liquor, or received the money, that the minor was going to drink, the jury should find the defendant not guilty." This laid down too exacting a standard. Dave Driver and his nephew approached the counter together; the uncle called for drinks and paid for them; the defendant understood the number of drinks wanted, for he set before them a bottle and two glasses, and the two drank together. Now, although defendant could not *know* as fact that the uncle intended one of the drinks for his nephew, his conduct showed that he understood such was the intention. Men act in the gravest matters on appearances no stronger than were shown in this case. Even jurors who impose the heaviest penalties known to the criminal code, do not *know* the defendant is guilty. They act on conviction—not knowledge. Although Page did not know one of the drinks was intended for the minor, the circumstances were such as reasonably to convince him of what was intended.

Our statute, as formerly existing, Code of 1876, § 4205, forbade the sale or gift of intoxicants to a minor, without the requisite certificate of a physician. In *Walton's Case,* we declared the purpose of the statute, and we gave full effect to it. We upheld his conviction, because he had aided and participated in the gift of an intoxicating drink to one of the interdicted classes. Less than the rule then declared would have made the statute so easy of evasion, as to leave it practically worthless. We adhere to the rule then declared.

[Bogan v. The State ]

The statute under which the conviction was had in this case was amended by act approved February 26, 1881. Sess. Acts, 50; Code of 1886, § 4038. Since then, to constitute the punishable offense of selling or giving intoxicating liquors to a minor, there are two categories which the indictment should negative, either of which legalizes the sale; or rather, under the statute, as framed, there may be said to have been three. The sale or gift was lawful, if made by, or with the consent of the parent, guardian, or person having the management and control of the minor, or, upon the prescription of a physician. The present case is controlled by that statute, as enacted, for it was committed before the Code of 1886 went into effect. The indictment being framed without reference to the amendment, is imperfect and defective. It fails to charge an indictable offense.—*Britton v. State*, 77 Ala. 202.

The Code of 1886, § 4038, changes the phraseology of the act approved February 26, 1881.

Reversed and remanded.