# Liles *v.* The State.

*Indictment for Selling Liquor to Minor.*

1. *Selling liquor to minor, or to third person for him.*—A conviction may be had for selling liquor to a minor (Code, § 4038), on proof that the defendant, while refusing to sell to the minor on request, told him he could give his money to one F., standing by, and that F. could buy it for him; that the minor thereupon handed his money to F., who bought the whiskey, paid for it, and gave it to the minor, in the presence of the defendant.

FROM the Circuit Court of Covington.
Tried before the Hon. JOHN P. HUBBARD.

WM. L. MARTIN, Attorney-General, for the State, cited *Page v. State*, 84 Ala. 446; *Walton v. State*, 62 Ala. 197.

CLOPTON, J.—Defendant was indicted and convicted, under section 4038 of Code, 1886, for selling liquor to Lawrence Johnson, a minor. The court, *ex mero motu*, charged the jury, that if Johnson made application to defendant to buy the liquor, and defendant asked him if he was twenty-one years old, and on Johnson replying that he was not, defendant said he could not sell him any liquor, but he could give his money to Silas Fowler, who was near by, and he

could buy the whiskey for him; and thereupon Johnson gave the money to Fowler, and Fowler bought the whiskey, and gave it to Johnson, in the presence of defendant; the effect was the same as if he had made the sale directly to Johnson, and that he could not evade the law by that kind of device. There was evidence on the part of the State tending to prove the facts hypothetically stated in the charge. Its correctness is too manifest to require argument. Fowler was either the agent of Johnson to purchase the whiskey, appointed in the presence and hearing, and at the suggestion of defendant, or the latter's mere instrument in making the sale. In either case, defendant actually sold the whiskey to Johnson.

But, if conceded that Fowler purchased the liquor, which is the phase of the case presented by the evidence of defendant, the proof satisfactorily shows that he purchased it for Johnson, and that this was known to, and done in the presence of defendant. In such case, he was an aider, abettor, or procurer in the doing of the criminal act. He participated in the criminal design, and his suggestions and acts directly and immediately contributed to the commission of the offense. It was not essential that he should have sold the liquor to Johnson. As said in *Walton v. State*, 62 Ala. 197, it is enough, that intending that Johnson should have the use of the liquor, he sold it to another to be given him. "Nor is it true, that a vendor of liquors has no right to dictate to a purchaser how he shall use liquors purchased at his bar. It is not only his right, but his duty, to see that in his bar, and in his presence, such liquors are not given to persons of the class to whom the statute interdicts a sale or gift." This ruling was affirmed in *Page v. State*, 84 Ala. 446. The charge requested by defendant ignored the evidence tending to show that defendant sold the liquor to Fowler, intending it for the use of Johnson, and was, therefore, properly refused.

Affirmed.