## A. D. STARLING V. THE STATE.

### *No. 567.   Decided April 3.*

1. **Selling Liquor to Minor—Pretended Sale to an Adult.**—On a trial for unlawfully selling liquor to a minor, where the evidence was, that when defendant declined to sell to the minor, a stranger who was present proposed to buy for the minor, and the minor handed him the money, which he handed to defendant, and he furnished the beer and the minor drank it; *Held*, that this was as much a sale to the minor as if it had been directly, without an intermediary.

2. **Same—"Causing" Liquor to be Sold to Minor.**—Where an indictment for unlawfully selling liquor to a minor charged, in the language of article 376, Penal Code, that the same was sold and "caused" to be sold, *Held*, on the facts stated in paragraph 1, supra, that defendant certainly "caused" the liquor to be sold to the minor, and that the case, under this allegation, was also made out.

3. **Same—Principal Offenders.**—On a trial for selling liquor to a minor, where the facts show that the defendant was actually present and knew the stranger was purchasing the liquor for the minor, and aided and abetted the stranger in the sale of the liquor to the minor, *Held*, the doctrine of principal applies under the law in this phase of the case; and he would also be guilty as a principal in the sale and liable to punishment as such.

APPEAL from the County Court of McLennan.   Tried below before Hon. W. H. JENKINS, County Judge.

This appeal is from a conviction for unlawfully selling liquor to a minor, wherein the punishment assessed was a fine of $25.

The opinion states the case.

*Dyer & Dyer*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant in this case was tried and convicted in the County Court of McLennan County, under article 376 of the Penal Code, for unlawfully selling intoxicating liquor to a minor.

The question raised in this case is the sufficiency of the evidence to support the verdict of the jury.   There was but one witness in the case, and he testified, substantially, that he and some other boys (all minors) went into the saloon of defendant, and asked to purchase some beer.   The defendant told them they were minors, and declined to sell to them.   A gentleman (whose name is not disclosed), happening to be in the room, proposed to buy the beer for the boys.   They handed the money to him.   He handed the money to defendant, who furnished the beer, and the boys drank it.   The indictment charged the defendant with selling, or causing to be sold, the liquor in question to a minor. The action of defendant, in our opinion, was as much a sale to a minor as if it had been directly done, without any intermediary.   All that happened was immediately in his presence, and he knew the purpose and the object of the sale.   If, indeed, it was not a direct sale to the minor, he certainly "caused" the beer to be sold to the minor, and the

indictment covered this phase of the case. Page v. The State, 84 Ala., 446; Liles v. The State, 88 Ala., 139; Black Intox. Liq., p. 423. Indeed, the sale to the stranger was but a mere pretext, as the defendant knew that he was merely an intermediary—an agent of the minor, the real purchaser. See dissenting opinion of Judge Hurt in Yakel v. The State, 30 Texas Criminal Appeals, 394. But if it be conceded that the sale was to a stranger, and not to the minor, then the doctrine of principal applies; for the evidence shows that the defendant was actually present, and knew the purchaser was buying the beer for the minor, and so aided and abetted the stranger in the sale of the beer to the minor. Walton v. The State, 62 Ala., 199.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.