NELSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 10 — September 24, 1901.*

*Criminal law: Intoxicating liquors: Sale to minors: "Dealing" or "trafficking": Construction of statutes.*

1. If an adult accompanied by a minor applies to a saloonkeeper for liquor to be drank by him and his associate at his expense, and the saloonkeeper furnishes it for that purpose, and it is drank by the two, the adult treating his companion, the vendor is guilty of *dealing* or *trafficking* in liquor with a minor, within the meaning of sec. 1557, Stats. 1898.

2. Strict construction of a penal statute permits sensible construction, having in view the purpose of the law; and when that purpose is manifest, strict construction does not militate against any departure from the primary meaning of words within the reasonable scope thereof.

ERROR to review a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

Plaintiff in error was convicted of violating sec. 1557, Stats. 1898. The charge against him was that he unlawfully sold, vended, dealt, and trafficked in intoxicating liquor, in that he gave away such liquor to one John Swanson who was at the time thereof a minor. The evidence was to the effect that the accused, *Thomas Nelson*, was a licensed dealer in intoxicating liquor, and that Swanson, a minor as alleged, drank such liquor obtained of *Nelson* at his bar; that Swanson entered *Nelson's* saloon with two adult acquaintances for the purpose of obtaining intoxicat-

ing liquor to be there drank; that *Nelson* and his bartender were behind the bar; that one of Swanson's associates applied for drinks for all of the persons in the room, including Swanson; that the application was granted, *Nelson* assisting in dealing out the liquor; that other drinks were thereafter ordered by Swanson's associates, of which Swanson partook at their invitation, on one occasion *Nelson* personally handing the drink, which was whisky, to Swanson; that Swanson did not pay for any of the drinks; that he received the liquor which he drank by the favor of his associates.

The court instructed the jury that, " if defendant sold and delivered liquor to one of the parties there with Swanson, and such party treated Swanson, the minor, then this would not make defendant liable for selling or vending. But such acts would render the defendant liable under the other comprehensive words, 'in any way deal or traffic in' intoxicating liquors, 'to or with a minor.'" "If defendant set out this liquor intending to give it to Swanson to drink, and the latter did drink it, you may find this was a dealing or trafficking in liquor to or with this minor, within the meaning of these terms as used in the statute." Exceptions were duly taken to such instructions.

For the plaintiff in error there was a brief by *G. M. Perry* and *J. G. Forbes*, and oral argument by *Mr. Perry*. They contended, *inter alia*, that where a minor and an adult go together to a liquor saloon, and the adult calls for liquor, and it is furnished to both, and both drink, the sale is to the adult, and the dealer cannot be indicted for selling to a minor. *Ward v. State*, 45 Ark. 351; *Siegel v. People*, 106 Ill. 89. Neither, in such a case, can the seller be charged with giving away liquor to the minor. *Kurz v. State*, 79 Ind. 488.

For the defendant in error there was a brief by the *Attorney General*, and oral argument by *E. N. Warner*, law examiner. They cited *Page v. State*, 84 Ala. 446; *State v.*

*Scoggins,* 107 N. C. 959, 10 L. R. A. 543; *People v. Neumann,* 85 Mich. 98; *State v. Best,* 111 N. C. 638; *Foster v. State,* 45 Ark. 361; *Topper v. State,* 118 Ind. 110.

MARSHALL, J. The only material question sufficiently presented by the record to permit us to consider it is, Did the trial court err in instructing the jury, in effect, that if an adult accompanied by a minor applies to a dealer in intoxicating liquor at his saloon for such liquor, to be drank by him and his associate at his expense, and the dealer furnishes it for that purpose, and it is drank by the two, the adult treating his companion, the vendor is guilty of dealing or trafficking in intoxicating liquor with a minor, within the meaning of sec. 1557, Stats. 1898, which says that "any keeper of any saloon . . . for the sale of any strong, spirituous or malt liquors to be drank on the premises, in any quantity less than one gallon, who shall sell, vend or in any way deal or traffic in or . . . give away any spirituous, ardent, intoxicating or malt liquors or drinks in any quantity whatsoever to or with a minor . . . shall be punished," etc.? Counsel for plaintiff in error cite to our attention authority in support of their assignment of error, and the attorney general refers to many authorities in support of a contrary view. We do not deem it necessary to review such authorities at length, because the statutes considered therein are not as broad and comprehensive as the statute of this state upon which the challenged instruction was based. However, a brief reference to some of such authorities and others will show that, as a rule, courts have been inclined to give such construction to statutes aimed at preventing the use of intoxicating liquors by minors as will fully carry out the legislative purpose in that regard so far as reasonably expressed, even though it requires a departure from the literal or ordinary meaning of words.

In *State v. Freeman*, 27 Vt. 520 (opinion by REDFIELD, C. J.), *furnishing* liquor to a minor by a dealer was held to include *giving* liquor to him. In *Dukes v. State*, 77 Ga. 738, it was contended that the word "furnish" contemplates a sale, but the court held that it was used in the Georgia statute in its broad sense and included giving. In *Comm. v. Davis*, 12 Bush, 240, the word "give" was held to mean, in its strict sense, the bestowal of something of value by one person upon another as a gratuity, but that as used in the Kentucky statute in regard to giving intoxicating liquors to minors, it was used in connection with the word "sale" and the word "loan" so as to include the other methods of enabling a minor, by the aid of another, to procure intoxicating liquor. In that case the accused purchased liquor with money belonging to himself and the minor, and then delivered part of the joint property to the minor for his use. The court said, in effect, that to give to the words of the statute their strict primary signification would render it ineffective and defeat the plain legislative purpose thereof by enabling minors to readily procure intoxicating liquor by using a purchasing agent to obtain it of the dealer with their money, and that such a result was so foreign to the manifest purpose of the legislature that the court would not adopt a construction that would lead to it if one could be found within the reasonable scope of the language of the statute which would prevent it. To the same effect are *Walton v. State*, 62 Ala. 197; *Topper v. State*, 118 Ind. 110; *State v. Scoggins*, 107 N. C. 959; *State v. Munson*, 25 Ohio St. 381. In the last case cited it was held that if an adult accompanied by a minor applies at the counter of a saloon for liquor to be drank by him and his associate at his expense, and the person in charge hands out the article applied for by turning out a drink for each, such person is guilty of furnishing liquor to a minor under the statute prohibiting it; that though in a sense the adult furnishes the liquor, the dealer,

by supplying it under the circumstances, in legal effect furnishes it to the minor the same as the purchaser, upon the principle that all persons participating in the commission of a misdemeanor are principals. In *Walton v. State, supra*, it was said that inventions and attempted evasions of the law cannot succeed by invoking the rule of strict construction, where the real purpose of the legislature is plain and the reasonable meaning of the words used is broad enough to prevent it; and that all persons knowingly participating in providing intoxicating liquor to be drank by a minor are guilty of furnishing it to him within the meaning of the statute; that the one who sells the liquor to enable the vendee to give it to the third person who is a minor is guilty as well as the vendee.

A contrary view was expressed in *Siegel v. People*, 106 Ill. 89, and seems to have been adopted without study of the subject in Black, Intoxicating Liquors, § 406. Such view was criticised in *People v. Neumann*, 85 Mich. 98, the court saying that the reasoning upon which it was based was unsatisfactory and could not be adopted without careful consideration even if a statute like the Illinois law were under consideration, and not at all as to the more comprehensive law of Michigan. In the Michigan case, a law prohibiting the furnishing of liquor to a minor was held to be violated by the sale of liquor to an adult to be furnished to the minor by treating him, as in this case, the decision being based in whole or in part on the principles which rule the cases to which we have referred.

Our statute is broader even than the Michigan law or any considered in such cases. In addition to the prohibition of a person circumstanced as plaintiff in error was from selling or giving away intoxicating liquor to minors, any dealing or trafficking therein with them is prohibited. The word "deal" was obviously used *ex industria* to include all acts directly with minors in furnishing intoxicating liquors

to them.   The word "deal," as applied to intercourse *inter partes,* includes any transaction of any kind between them. Webst. Dict.   The act of setting out liquor for another to drink at the request of a third person is a dealing with such other as clearly as giving or selling it to him.   So "deal" includes the terms ordinarily used in statutes held, as we have seen, to cover the act complained of, and every other transaction with a minor to enable him to obtain liquor at a saloon bar.   The legislative purpose is plain,— to prevent, so far as practicable, minors from becoming victims of the corrupting influence of the saloon, and to leave as little room as possible for evasions of such purpose.   To that end language was used covering every transaction with a minor inconsistent with such purpose, and it is the duty of the court to give full effect to that wise policy so far as reason will permit.   That is consistent with the doctrine that penal statutes and those contrary to the common law should be strictly construed, because strict construction of a law always permits sensible construction, having in view the purpose of the law to be construed; and when that purpose is manifest, strict construction does not militate against any departure from the primary meaning of words within the reasonable scope thereof.   Moreover, as we have indicated, the instruction given by the court, of which complaint is made, is in accord with the primary sense of the words of our statutes forming the subject of the instruction.   In this case plaintiff in error not only handed out the liquor to be drank by the minor, but actually placed the filled glass in his hands, thereby *dealing* with him in the strictest sense of the term, even though it was done at the request and at the expense of another.   We see no ground for criticising the instruction complained of.

*By the Court.*— The judgment of the circuit court is affirmed.