State v. Field.

STATE OF MISSOURI, Respondent, v. CHAS. O. FIELD, Appellant.

St. Louis Court of Appeals, May 25, 1909.

1. **CRIMINAL PRACTICE: Selling Liquor: Pleading.** An infor-mation charging a defendant with "selling, giving away, fur-nishing, delivering and otherwise disposing of intoxicating liquors," to a minor was not open to the objection that it charged several different offenses. While the statute, section 2179, Re-vised Statutes of 1899, defines the offenses in the disjunctive, it is proper pleading to charge them in the conjunctive.

2. ————: ————: **Instructions.** In the prosecution of a de-fendant for selling liquor to a minor, in violation of section 2179, Revised Statutes of 1899, where the evidence showed that the defendant procured the minor to sign orders requesting a liquor dealer in another State to deliver to a railroad com-pany for shipment to the defendant, as the agent of the minor signing the order, an instruction authorizing a verdict of guilty if such an order was delivered to a third person with a request to send to the defendant was not error where it appeared from the evidence orders of that description were given.

3. ————: ————: ————. In such case where the evidence showed that the defendant kept blank orders of the wholesale liquor dealers, which he had his customers to sign, and which he sent to the wholesale liquor dealers for the purpose of having the liquor shipped to him in bulk, and then doled it out to the customers as they would pay for it, the scheme was a ruse to evade the law against the selling of intoxicating liquors in the county, and justified a conviction of the defendant for sell-ing liquor.

4. ————: **Selling Liquor to Minors: Representations of Age.** In such case where the uncontradicted evidence showed that the party purchasing the liquor was under age, the fact that he represented himself to be of age and that the seller of the liquor believed him to be of age, is no defense.

Appeal from the Clark Circuit Court.—*Hon. Chas. J. Stewart,* Judge.

AFFIRMED.

State v. Field.

*Chas. T. Llewellyn* and *Berkheimer & Dawson* for appellant.

Error No. 1 and Error No. 2 can be considered together, to-wit: the overruling the motion to squash and the motion to compel the State to elect as the authorities and our argument will be directed to both.    There are five distinct, separate, inconsistent offenses grouped together in the information. 1st. That defendant sold intoxicating liquors; 2nd.   That he gave away intoxicating liquor; 3rd.   That he furnished intoxicating liquor; 4th.   That he delivered intoxicating liquor;   5th. That he otherwise disposed of intoxicating liquor.   These distinct offenses are grouped together in the section of the statute defining the offenses.    See R. S. 1899, sec. 2179.    In such case it is only when the offenses are consistent, as stated by the statute defining them, that they can be grouped together, and even in that case the information founded upon the statute must charge them conjunctively.   State v. Fitzsimmons, 30 Mo. 326; State v. Flint, 62 Mo. 329; State v. Nations, 76 Mo. 53; State v. Pitman, 76 Mo. 56; State v. Fancher, 71 Mo. 460.

*Chas. W. Yant* for respondent.

GOODE, J.—The information charged this defendant with unlawfully selling, giving away, furnishing, delivering and otherwise disposing of intoxicating liquor, to-wit, one quart of beer, to Audie Marsh, a minor under the age of twenty-one years, without the written permission of the parent, master or guardian of said minor first had and obtained.    This information was filed on the statute which says any person who shall directly or indirectly sell, give away or otherwise dispose of or furnish, or deliver any intoxicating liquor, in any quantity, to a minor without the written permission of the parent, master or guardian of such minor first had and obtained, shall be deemed guilty of a misdemeanor,

and on conviction shall be fined not less than forty nor more than two hundred dollars. [R. S. 1899, sec. 2179.] Motions to quash the information and compel the State to elect for what offense it would proceed, were filed and overruled and error is assigned on account of these rulings. The contention of appellant is the information charges five distinct offenses: selling, giving away, furnishing, delivering and otherwise disposing of intoxicating liquors. The gist of the offense is disposing of intoxicating liquor to a minor. The information charged the different acts in the conjunctive, though the statute states them in the disjunctive, and this was right pleading according to the decisions. [State v. Simmons, 30 Mo. 326; State v. Flint, 62 Mo. 393, 399; State v. Fancher, 71 Mo. 460; State v. Pitman, 76 Mo. 56.] The case last cited was one on an indictment for selling and giving away intoxicating liquor, and was founded on a statute making it an offense to sell or give away, etc. The State appealed from the judgment sustaining a demurrer to the indictment, and the Supreme Court reversed the judgment, saying the essence of the offense was the unlawful traffic or dealing in spirituous liquors, and the proper way to charge it was in the conjunctive. We overrule the assignment of error with reference to the rulings on defendant's motions.

We gather from the record a man named Mitchell had conducted a bar, or place where intoxicating liquors were sold, in the town of Medill. Mitchell kept on hand a batch of blank orders directed to Popel & Giller at Warsaw, Illinois, ordering said firm to deliver to the Chicago, Burlington & Quincy Railroad Company, beer or whisky for shipment to said Mitchell as agent for whomsoever signed the order. We will copy an order which figures in the present case, and according to the witnesses is like those kept by Mitchell:

"MEDILL, Mo., 7-3, 1906.

"Popel and Giller,

"Warsaw, Illinois.

"Gentlemen: Please deliver to the C. B. & Q. R. R. Co. one case of beer and one gallon of whisky for me, for shipment by freight to Charles O'Field, my agent at Medill, Mo., and I will remit for same.

"AUDIE MARSH, Purchaser."

We may as well notice right here a point made for appellant in respect of the foregoing order. In one of the instructions granted by the court for the State, the jury were told if they believed from the evidence Audie Marsh was a minor under twenty-one years of age and he had made, executed and delivered to C. O. Mitchell the written order introduced in evidence, requesting Popel & Giller to send defendant a case of beer by said order, said firm shipped the beer to defendant for Audie Marsh, and defendant afterwards delivered the same to said minor, or any part thereof, without the written permission of his parent, guardian or master first had and obtained, the jury would find defendant guilty. The contention is said instruction is erroneous because it speaks of an order delivered to C. O. Mitchell, whereas the order put in evidence does not contain Mitchell's name, but the appellant's. The matter is not clear in the record. The order before us was introduced by appellant. It could not have been the only one in proof unless it contained Mitchell's name, for appellant himself, when interrogated about the order under which the beer mentioned in the information was obtained, testified as follows:

"Q. How is Mitchell's name here instead of yours. —on the order. (Hands witness order.) A. Mitchell's name was on the orders when I went there. Barron's and Mitchell's both were there—Barron's is scratched and Mitchell's remains.

"Q. Was this order written with a pencil? A. Yes, sir.

"Q. Who wrote it—C. O. Mitchell. A. I don't know. Mitchell, I suppose.

"Q. You being the agent of Audie Marsh, what were your duties to him as his agent? A. Well, I was just there for an agent for him—that was all.

"Q. To do what? A. Order what he wanted.

"Q. Then what? A. Let him have it when he came for it, when it got there."

There was an order in evidence containing Mitchell's name; otherwise the witnesses, including appellant, were mistaken and the entire trial proceeded on a mistake of fact. Moreover, the order in the record is dated July 3, 1906; whereas appellant swore he did not go to Medill until some time in August. There is plenty of evidence to show the instruction, supra, was not outside the evidence in referring to an order containing Mitchell's name.

A case of beer was sent to appellant, and he put it on ice where he kept his bar. Audie Marsh got a bottle, paying twenty cents for it when it was handed to him. It is contended this was no sale by appellant to Marsh and that appellant acted as Marsh's agent in ordering the beer from Popel & Giller of Illinois, who were the sellers. No one who reads this record can fail to believe the system followed by Mitchell and afterwards by appellant, of keeping blank orders of Popel & Giller on hand at the bar, to be filled out by customers, was a ruse to evade the law against selling intoxicating liquors in the county. Appellant had a case of beer shipped to him, intending to dole it out to Marsh by the bottle as the latter called for it from time to time, paying each time for what he got. The uncontradicted evidence shows Marsh was a boy under age at the time, but appellant contends he represented himself to be twenty-four years old and appellant believed he was. Appellant's belief is no defense. [State v. Bruder, 35

Mo. App. 475.] The minor Marsh could not make a valid appointment of appellant as agent to buy beer for the former. [Mechem, Agency, sec. 51.]

Various instructions were requested by appellant and refused, but they propounded the theory of innocence if appellant believed Marsh was of full age, or the theory of agency.

The judgment is affirmed. All concur.