CITY OF MADISON, Respondent, vs. PENDLETON, Appellant.

*January 17—February 13, 1945.*

For the appellant there was a brief by *Lee & Becker* of Madison, and oral argument by *Lester C. Lee.*

For the respondent there was a brief by *Alton S. Heassler,* assistant city attorney, attorney, and *Harold E. Hanson,* city attorney, of counsel, and oral argument by *Mr. Heassler.*

ROSENBERRY, C. J.   The defendant is a duly licensed operator as that term is defined in the ordinance and on March 2, 1943, was in charge of the bar at the Monona Hotel, located at 114 Monona avenue, in the city of Madison.   On that day two girls, both under the age of eighteen years, entered the barroom in company with two soldiers who were above the age of eighteen years.   The soldiers bought and paid for four bottles of beer.   Two bottles were drunk by the two girls.   It is the contention of the plaintiff that this constituted a sale to the two girls in violation of a city ordinance.   It is the contention of the defendant that it was a sale to the soldiers and if after the sale the soldiers gave the beer to the minors that that did not constitute a violation of the ordinance.   The ordinance provides:

"No fermented malt beverage shall be sold to any person under the age of eighteen years unless accompanied by parents or guardian."   (9.09 (10) (a) 3.) ·

The whole controversy turns upon the meaning of the word "sale" as used in this section of the ordinance.   The trial court instructed the jury as follows:

"The court instructs you that the mere fact—if it is a' fact —that two soldiers, instead of the girls, paid for the beer, is immaterial.   It is the court's opinion that if the girls drank beer in the Indian Room, even if the beer was paid by an adult, nevertheless the city ordinance has been violated, if the girls were under eighteen years of age at the time."

It was not denied upon the trial that the beer was sold to the soldiers and that the girls drank the beer from two bottles. Under the instructions of the court, therefore, the jury, if they obeyed the instructions, could not find otherwise than for the plaintiff.

The plaintiff attempts to sustain the judgment by reference to the city ordinance relating to the sale of intoxicating liquors.   While the malt-beverage ordinance in question de-

fines certain terms, including operator, it does not attempt to define "sale." The trial court correctly refused to admit the ordinance relating to the sale of intoxicating liquors in evidence or to consider the definitions contained in it. The ordinance relating to the sale of malt beverages is sec. 9.09 of the ordinances of the city of Madison. The ordinance relating to the sale of intoxicating liquors is sec. 9.095. We have been furnished with no copy of the ordinance so that we are unable to say whether the two sections are parts of a single ordinance or whether they were enacted separately. It does appear, however, that they were approved on the same day. In any case, the common council had before it the matter of definition of terms. It defined certain terms in the ordinance relating to the sale of malt beverages but did not include the definition of "sale" therein.

In addition to the fact that the common council had before it the ordinance relating to intoxicating liquor, in which "sale" was defined, the ordinance relating to malt beverages does not incorporate the definition of sale either by its language or by reference. In addition to that it must have been familiar with the case of *Nelson v. State* (1901), 111 Wis. 394, 87 N. W. 235. In that case Nelson was charged with having unlawfully sold, vended, dealt, and trafficked in intoxicating liquor. While the court in that case did not discuss the meaning of the word "sale," it affirmed the conviction of the defendant on the ground that the plaintiff in error having handed out the liquor to be drunk by the minor and actually placed a filled glass in his hands, he was guilty of "dealing" in the strictest sense of the term, even though it was done at the request and expense of another.

However, the court was considering the instruction of the trial court which was—

"If defendant sold and delivered liquor to one of the parties there with the minor and such parties treated the minor, then this would not make defendant liable for selling or vending;

but such acts would render the defendant liable under the more comprehensive words 'in any way deal or traffic in intoxicating liquors to or with a minor.'"

It would appear therefore that by affirming the judgment, this court adopted the view of the trial court in both respects. It appears from the offer of evidence made by the plaintiff that in the ordinance relating to the sale of intoxicating liquor, among the definitions appears the following:

"The term 'sell' or 'sold' or 'sale' includes the transfer, gift, barter, trade, or exchange, or any shift, device, scheme, or transaction whatever whereby intoxicating liquors may be obtained."

In view of the decision in *Nelson v. State, supra,* and the fact that the common council defined the term "sale" in a companion ordinance, and of the statutory definition of sale, sec. 121.01 (2), Stats., we can reach no other conclusion than that the common council intended not to enlarge the meaning of the word "sale" by the use of associated words. While we agree with the trial court that this construction emasculates the ordinance so far as accomplishing what might have been the purpose intended is concerned, the remedy rests with the correction of the ordinance by the common council rather than by a strained construction by the court. The defendant not having transferred any property whatever to the girls for a consideration called the price, he was not guilty of selling a fermented malt beverage to them.

*By the Court.*—The judgment appealed from is reversed, with directions to discharge the defendant.