STATE, Respondent, vs. GRAVES, Appellant.

*March 10—April 5, 1950.*

*Franklin E. Fogo* of Richland Center, for the appellant.

For the respondent there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, and *Leo P. Lownik,* district attorney of Richland county, and oral argument by *Mr. Platz* and *Mr. Lownik.*

MARTIN, J. Sec. 66.054 (9) (b), Stats., provides as follows:

"No fermented malt beverages shall be sold, dispensed, given away or furnished to any person under the age of eighteen years unless accompanied by parent or guardian."

It is undisputed that Blanche Cockroft was seventeen years of age on the day of the offense. The evidence shows that no beer was sold, dispensed, or given away to the minor. However, it is the state's contention that defendant's bartender "furnished" a can of beer to be consumed by the minor, and the fact that the adult paid for the beer and that the beer passed to the minor through his hands, is wholly immaterial.

Blanche Cockroft testified on direct examination that she was with and standing next to Ed King at defendant's bar. She first told the bartender she wanted pop, and then told him she wanted beer, but he did not give it to her.

"*Q.* What did he [bartender] have to say? *A.* He said I couldn't drink it in there, I would have to take it outdoors.

"*Q*. He said you would have to drink it outdoors? *A*. Yes.

"*Q*. Did he say why you couldn't drink it in there? *A*. Because I was a minor.

"*Q*. After he said that, what happened? *A*. Well, he put the beer in front of Ed, and then Ed picked it up and started out, and I took my beer and walked out and went across the road on the other side."

On cross-examination her testimony was:

"*Q*. You did ask the bartender, Mr. Phillips, for beer, did you not? *A*. Yes.

"*Q*. And what did he say? *A*. He said I couldn't drink in there because—

"*Q*. He said you were too young, didn't he? *A*. Yes.

"*Q*. And you couldn't have any beer. Didn't he also say that they sold liquor in the tavern and you weren't allowed in there? *A*. He didn't say that."

It appears without dispute that a thirteen-year-old girl who was a member of the Blanche Cockroft and Ed King party in the tavern, was served with a bottle of pop or orange drink which the bartender poured into a glass with ice cubes for her to take outdoors and drink. She testified:

"*Q*. Did the bartender come over and ask what was wanted by the group as they came in there? *A*. Yes.

"*Q*. What did you hear? Did you hear what Blanche said she wanted? *A*. She said she wanted beer.

"*Q*. Did you hear any conversation back from the bartender then? *A*. The bartender told us she could have beer but she couldn't drink it in there because she was a minor."

Ed King testified that the bartender told the minor she could not drink the beer inside and when asked by defense counsel on cross-examination whether Blanche Cockroft did not take one can of beer from him "without permission," King replied: "Well, it was bought with her knowledge that she was going to drink it. I suppose that is why she took it." Neither the question nor the answer were objected to.

The wife of the defendant, who was called as a defense witness, was impeached by showing prior inconsistent testi-

mony given by her at the preliminary examination as to whether or not she overheard the conversation between Ed King, Blanche Cockroft, and the bartender. The defense offered testimony of another witness as to what occurred in the tavern at the time of the alleged offense. The plaintiff offered evidence that said witness was not even present in the tavern at that time.

The record clearly shows that there was an issue for the jury and, from the evidence which we have set forth and the circumstances surrounding the transaction, it amply appears that the bartender knew that one can of beer was for the girl. The adult knew that one of the beers was bought for the minor; the minor knew it; and the jury could certainly infer that the bartender knew it.

Under a statute prohibiting the "furnishing" of intoxicating beverages to minors, it is of no significance that the beverage was sold and delivered to an adult, and by him delivered to the minor for consumption, so long as it was done with the knowledge of the person making the sale or if the circumstances were such that he should have known it. In such cases it is held that the seller has "furnished" the beverage to the minor. See *State v. Koenig* (1935), 120 Conn. 39, 178 Atl. 923, 925; *Walton v. State* (1878), 62 Ala. 197, 200; and *Page v. State* (1887), 84 Ala. 446, 4 So. 697, 698, which deal with the point in the present case.

The fundamental purpose of sec. 66.054 (9) (b), Stats., is plain—to protect minors from obtaining fermented malt beverages—and language was used covering every transaction with a minor consistent with such purpose. It is the duty of the court to give full effect to that wise policy. The evidence in this case clearly warranted the jury in finding that the bartender·"furnished" a can of beer to be consumed by the seventeen-year-old minor in violation of this statute.

*By the Court.*—Judgment affirmed.