Broadway Enterprises, Inc., d. b. a. Broadway Restaurant, Appellant, v. Liquor Control Comm., Appellee.

(No. 9152—Decided December 5, 1968.)

*Mr. William J. Abraham* and *Mr. David K. Purkey,* for appellant.

*Mr. William B. Saxbe,* attorney general, *Mr. James E. Rattan* and *Mr. John A. Connor,* for appellee.

Duffey, P. J. This is an appeal from a judgment of the Common Pleas Court of Franklin County upholding the suspension of appellant's liquor permit by the Ohio Liquor Control Commission.

Appellant is a corporation holding a D-5 permit. Two charges were filed. The first charged that appellant's agent furnished intoxicating liquor to a minor, Gary Porter, in violation of Section 4301.69, Revised Code. This charge was dismissed by the commission.

The second charge is as follows:

"Violation No. 2—On April 21, 1967, your agent, Viola Young, did allow to be consumed in and upon the permit premises, intoxicating liquor, to-wit, malt liquor by Gary Porter a minor being then and there under 21 years of age—in violation of Section 4301.25 of the Ohio Revised Code."

The evidence establishes that an adult patron ordered and paid for three bottles of beer. The beer was purchased from a waitress at the bar, and she delivered it to a table. Gary Porter, a minor, was seated with two adults. He had furnished false identification showing his age to be 22. While the waitress was present, he consumed some of the beer.

To sell or even to furnish beer to a minor may be illegal. Section 4301.69, Revised Code. The conviction of either the permit holder or its employee for violating

any section of Chapter 4301, Revised Code, is a ground for suspension. See Section 4301.25 (A), Revised Code. However, in this case, the waitress was charged with illegal furnishing and was acquitted and the charge dismissed.

Under department regulations, it is illegal for a permit holder to knowingly or willfully allow improper conduct. Regulation 52. However, appellant was not charged with the violation of Regulation 52. Further, *scienter* is required under that regulation. See *Rahal* v. *Liquor Control Comm.* (1965), 1 Ohio App. 2d 263.

On the charges filed and on the evidence of record, this case is one in which there is no sale or furnishing of beer to a minor, but only the consumption of beer by a minor in the presence of a nonmanagerial employee, who reasonably believed the person to be an adult, *i. e.*, an absence of *scienter*. Counsel for the department contends that Section 4301.25, Revised Code, grants authority to suspend or revoke a license for consumption by a minor under those circumstances.

Section 4301.25, Revised Code, provides:

"The board of liquor control may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule or regulation of the board or other sufficient cause, and for the following causes:

"(A) For conviction of the holder or his agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony;

"(B) For making any false material statement in an application for a permit;

"(C) For assigning, transferring, or pledging a permit contrary to the rules and regulations of the board;

"(D) For selling or promising to sell beer or intoxicating liquor to a wholesale or retail dealer who is not the holder of a proper permit at the time of the sale or promise;

"(E) For failure of the holder of a permit to pay an excise tax together with any penalties imposed by the law

relating thereto and for violation of any rule or regulation of the department of taxation in pursuance thereof.''

Paragraph (A) is inapplicable because, among other reasons, there has been no conviction. Paragraphs (B) through (E) are inapplicable on their face. However, the opening paragraph of the statute also lists three general grounds for suspension or revocation, and these are clearly in addition to the five specific grounds.

The first general basis is ''the violation of any of the applicable restrictions of such chapters,'' *i. e.*, Chapters 4301 and 4303, Revised Code.

Neither the appellant nor its employee has been charged with violating any restrictions found in the liquor statutes. As noted, the waitress was acquitted of the charge of furnishing, and the departmental charge of furnishing made against appellant was dismissed by the commission. Further, while Section 4301.69, Revised Code, makes it illegal to sell or furnish to a minor, that statute does not make it illegal, with or without *scienter*, to allow a minor to consume. The consumption statutes are Sections 4301.631 and 4301.632, Revised Code, both of which apply to the minor alone. Aiding and abetting requires *scienter*. Accordingly, the first general ground has not been established.

The second ground is ''violation * * * of any lawful rule or regulation of the board'' (commission).

Again, neither appellant nor its employee has been charged with violating any liquor regulation. As noted, Regulation 52 is also inapplicable because *scienter* has not been established as is required by the provisions of that regulation.

The third general ground is for ''other sufficient cause.'' This is the clause directly relied upon by counsel for the department. The proposition apparently is that illegal consumption (*i. e.*, that not excepted under Section 4301.69, Revised Code) on permit premises in the presence of an employee is cause to suspend or revoke regardless of *scienter* by either the permit holder or the employee and regardless of the failure to charge or prove a violation of any statute or regulation.

An "other" sufficient cause must be interpreted in the light of the causes listed. As a matter of *ejusdem generis* and *noscitur a sociis*, a cause other than violation of Chapters 4301 and 4303, Revised Code, and other than a regulation of the Liquor Control Board must refer to the violation of other statutes or regulations, although ones not directly concerned with liquor. We hold that "other sufficient cause" requires the breach of some law, the violation of which bears some reasonable relationship to fitness to engage in the liquor business. An example might be a public health statute or regulation. Since appellee has not charged or proved the violation of any statute of Ohio, nor any ordinance of a municipality, nor any regulation of any agency, it follows that no "other sufficient cause" has been established.

Appellee's attempt to hold the permit holder in this case for the act of its employee also is inconsistent with the express provision of paragraph (A) of Section 4301.25, Revised Code.

Appellee is attempting to hold an employer for an act of an employee not within the scope of employment under principles of master and servant and not shown to be within any actual agency. It is an attempt to impose strict liability on the employer for the unauthorized act of an employee upon permit premises.

The opening paragraph of Section 4301.25, Revised Code, refers to causes for suspending or revoking a liquor permit, and implicitly appears limited to acts of the permit holder. The General Assembly then explicitly imposed strict liability upon the permit holder for acts of its agent or employee by specific provision in paragraph (A) of the statute. However, the paragraph contains three limitations: (1) There must be a conviction; (2) it must be of an agent or employee as opposed to a patron or other person; and (3) the conviction must be for violating a liquor statute or for a felony. The Legislature having imposed those limitations in paragraph (A), any ambivalence in the preceding provision of the opening paragraph cannot be interpreted so as to abrogate their effect. Appellee appears to be attempting to escape the statutory limitations

of paragraph (A) by interpreting a "catch-all" phrase so broadly as to render the specific provision meaningless.

This court's comments on the present law with regard to consumption by a minor should not be construed as approving or disapproving of the present law. Neither do we intend to comment on the wisdom of strict liability, nor the scope of authority that should be delegated by the General Assembly. We do suggest that the department has too often attempted to achieve policy objectives by litigation and judicial interpretation rather than forthright proposals for the amendment of the liquor statutes or regulations.

The record does not establish the violation of any specific provision of Section 4301.25, Revised Code, nor any violation of a liquor statute, a liquor regulation, or any other statute, ordinance or regulation. Accordingly, no ground for suspension has been shown. The order of the commission and the judgment of the Common Peas Court are not supported by reliable, probative and substantial evidence and are not in accordance with law.

The order of the commission and the judgment of the Common Pleas Court will be reversed and vacated and these proceedings dismissed.

*Judgment reversed.*

TROOP and HERBERT, JJ., concur.