Charles MITCHELL, Appellant,

v.

John J. QUINN, Excise Commissioner of
the City of St. Louis, Respondent.

No. 36319.

Missouri Court of Appeals,
St. Louis District,
Division Four.

June 29, 1976.

Howard & Richardson, St. Louis, for appellant.

Jack L. Koehr, City Counselor, John R. O'Malley, Asst. City Counselor, James J. Gallagher, Assoc. City Counselor, St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

Appeal from the judgment of the Circuit Court of the City of St. Louis affirming the ruling of the Excise Commissioner of that city suspending for seven days the liquor license of Charles E. Mitchell, owner of Mitchell's Package Liquor Store, for violation of § 372.290, Rev.Code, City of St. Louis, 1960, as amended 1962 (Ordinance 51376), providing that "No person licensed for the sale at retail or consumption of intoxicating liquor or non-intoxicating beer,

his agent, servant or employee shall sell, give away, dispose of, or suffer, or permit the same to be done on or about his licensed premises, any intoxicating liquor, non-intoxicating beer, or any beverage having an alcoholic content in excess of one-half of one percent alcohol by volume, to any minor under the age of 21. * * * "

The stipulated facts: John Leroy Robinson, age 20, entered the licensed premises at 4674 Easton Avenue and attempted to buy a one-half pint bottle of gin. Mrs. Mitchell, wife of licensee, acting as clerk at the counter, asked Robinson for "identification of age." After replying that he had none Robinson asked Mrs. Mitchell if it would be all right if someone else bought the gin for him. She replied that it would be all right. Robinson left the premises and reentered the premises accompanied by a young adult named Howard Earl Reed, to whom Robinson had given money for the purchase of liquor for Robinson. Reed went to the counter. The clerk at the counter this time was Joyce Wells. Reed asked for a one-half pint bottle of gin. Joyce Wells placed the gin on the counter. Reed placed two one-dollar bills on the counter. Joyce Wells took the two bills, placed them in the cash register and placed some change on the counter. Robinson picked up the bottle of gin and the change. Both young men left the premises. Robinson was arrested outside the premises, and the bottle of gin was seized from him. It contained ethyl alcohol with an alcoholic content of 37.8% by weight.

Appellant claims there was a failure to meet the burden of proving by competent and substantial evidence that appellant's employee sold alcohol to a minor in violation of the city code. Appellant argues there was no actual or permitted sale or other disposition of intoxicating liquor to a minor; that the sale was made to Howard Reed, a person of legal age; that no sale to the minor John Robinson was either commenced or completed; that the minor's taking of the bottle into his possession "as the two exited the premises" is insufficient to hold appellant culpable under the ordinance; that neither the licensee nor his employee sold the liquor to the adult with the knowledge or intention that it was a sale for the minor, and there is no evidence that he or she should have known the purpose and was aware of Robinson's minority. Appellant cites *City of Madison v. Pendleton,* 246 Wis. 456, 17 N.W.2d 580 (1945), and *Broadway Enterprises, Inc. v. Liquor Control Comm.,* 17 Ohio App.2d 35, 244 N.E.2d 516 (1968), for the rule that a sale to an adult accompanied by a minor is not a sale to the minor, and *Salvia's Bar, Inc. v. Pennsylvania Liquor Control Bd.,* 211 Pa.Super. 275, 236 A.2d 839 (1967), for the rule that defendant must know that the purpose of the sale is on behalf of the minor.

No Missouri case on purchase by an adult as agent for a minor has been cited or found.[1] The rule properly to be invoked in such case is that stated in Black on Intoxicating Liquors, § 422: "If a minor procures an adult to go to a saloon and purchase liquor for him, with his money which he gives him for that purpose, and the minor is not present at the purchase, and the adult does not disclose his agency, and the seller does not know, and has no reason to suspect, that the adult is acting as agent for a minor, he cannot be convicted of making a sale to the minor. But if the seller knows the facts, he is guilty. For in that case, the minor stands disclosed as the principal in the transaction, and the sale is regarded, on familiar principles, as made to him, though through the intervention of an agent. Thus, where, at the suggestion of the seller, a by-stander is induced by a minor to purchase liquor for him, and with his money, the effect is the same as if the sale had been made directly to the minor."

There was substantial and competent evidence for the excise commissioner to conclude that there was a sale in violation of the ordinance; that through appellant's

1. See the recent case of *May Dept. Stores v. Sup'r of Liquor Control,* 530 S.W.2d 460 (Mo. App.1975), in which the contention was made that a sale to a minor was a sale to a minor as the agent of his brother, an adult.

agent, Mrs. Mitchell, appellant must be held to have known that John Robinson was a minor, and that through her he must be held to have suffered and permitted an illegal sale to a minor to be made on his premises through the agency of an adult; that through his employee Joyce Wells appellant must be held to have made a sale to Robinson through the agency and intervention of an adult, Howard Reed, who used Robinson's money to purchase the liquor; that the transaction took place in the presence of Robinson, who personally took possession of the bottle of gin when the clerk set it out on the counter, and personally picked up the change, thus disclosing that he was a principal in the transaction. In this connection see *Liles v. State,* 88 Ala. 139, 7 So. 196 (1890); *Starling v. State,* 34 Tex.Cr.App. 295, 30 S.W. 445 (1895).

Appellant complains that the record fails to reflect that appellant himself "sold the liquor to the adult with the knowledge or intention that the purpose of the sale was for the minor, or that he should have known the purpose and was aware of the juvenile's minority." This complaint is without merit for two reasons: First, the ordinance does not expressly or by implication make ignorance of the minority or honest belief of majority a defense, and therefore such ignorance or mistake is no defense; intent to violate the ordinance is not an essential ingredient of the offense. *State v. Bruder,* 35 Mo.App. 475 (1889); *State v. Field,* 139 Mo.App. 20, 119 S.W. 499 (1909); *State v. Feldman,* 150 Mo.App. 120, 129 S.W. 998 (1910); 45 Am.Jur.2d Intoxicating Liquors § 271, fn. 15, p. 674; *Hershorn v. People,* 108 Colo. 43, 113 P.2d 680, 139 A.L.R. 297 (1941); Anno. 12 A.L.R.3d 991, 995, 999. Second, since the evidence supports a finding of a violation of the ordinance occurring on the licensed premises with the knowledge of appellant's wife and employee, their knowledge is imputed to appellant as licensee and it was not necessary that actual knowledge by licensee be proved to substantiate the charge that he "suffered or permitted" the violation to occur. When the unlawful act is performed by, or with the knowledge of, licensee's agents, servants or employees, licensee may be held liable even though he has no personal knowledge of the activities constituting the violation. *Clown's Den, Inc. v. Canjar,* 33 Colo.App. 212, 518 P.2d 957 (1973); *Romero v. Liquor & Beer Licens. Bd. of City of Pueblo,* 540 P.2d 1152 (Colo.App. 1975); dissenting opinion of Skeel, P. J. in *State v. Miclau,* 104 Ohio App. 347, 140 N.E.2d 596, 613 (1957). In *Clown's Den, Inc.* the court announced the following rule, which we approve, 518 P.2d l. c. 959: "The holder of a license for the sale of alcoholic beverages has an affirmative responsibility to see that his business is not conducted by his employees (or by his employees in concert with other persons) in violation of the law. See *Oxman v. Department of Alcoholic Beverage Control,* 153 Cal.App.2d 740, 315 P.2d 484 (1957). Therefore, since the evidence clearly supports a finding that activities in violation of the regulation had occurred with, at least, the implicit knowledge of the bartender, which knowledge is imputed to [the licensee], it was not necessary that actual knowledge by [licensee] be pleaded or proved to substantiate a charge that [licensee] had 'permitted' the prohibited activity."

Upon the whole record the excise commissioner reasonably could have made the findings reached and result stated upon a consideration of the evidence before him. His findings, conclusion and order suspending appellant's license are supported by competent and substantial evidence. Accordingly, the judgment of the circuit court affirming the ruling of the excise commissioner is affirmed; the seven-day suspension is ordered effective 12:01 A.M., August 16, 1976, and a certified copy of this opinion is ordered delivered to the excise commissioner.

SMITH, C. J. and ALDEN A. STOCKARD, Special Judge, concur.