## COMMONWEALTH vs. ENOCH BLOOD.

On the trial of a complaint for keeping intoxicating liquors with intent to sell, a witness who went to the defendant's house with a search warrant was allowed to be asked " Where did you go while there? " without proof that the defendant was present. *Held*, that he had no ground of exception.

On the trial of a complaint for keeping intoxicating liquors with intent to sell, witnesses may testify to what was written on labels attached to jugs and decanters in the defendant's shop, without producing them, or accounting for their not being produced.

On the trial of a complaint for keeping intoxicating liquors with intent to sell, proof that decanters mentioned by the witnesses for the Commonwealth contained only colored water does not render them incompetent evidence upon the question whether the defendant kept intoxicating liquors with intent to sell.

On the trial of a complaint for keeping intoxicating liquors with intent to sell, the judge instructed the jury that the government must show an intent to sell in this commonwealth, but if an intent to sell existed, no presumption arose, in the absence of proof, that his intent was to sell out of the Commonwealth rather than in. *Held*, that the defendant had no ground of exception.

On the trial of a complaint for a violation of the *St.* of 1855, c. 215, § 24, a statement of

the judge to the jury that the principle of this section was to punish any person for preparing or procuring means to violate other sections of the same statute affords no ground of exception.

COMPLAINT on *St.* 1855, *c.* 215, § 24, for keeping intoxicating liquors with intent to sell them in this commonwealth. Trial in the court of common pleas in Hampden before *Morris,* J., who signed this bill of exceptions :

" Upon the trial the government witnesses testified to going with a search warrant to the house of the defendant, and that the defendant was not there while they were in the house. The district attorney asked a witness, ' Where did you go while there ? ' The defendant objected to any evidence of what the witness did in his house in his absence ; but the court ruled that the question might be put.

" The witnesses then went on to detail their acts in the house, and testified that they found on the premises intoxicating liquors and five jugs. The district attorney asked, if these jugs were labelled. The defendant objected to this. The court overruled this objection, and admitted the following answer, which was objected to by the defendant, ' The jugs were labelled with pieces of leather marked with what was in them.' The district attorney then asked, ' What marks were on the labels ? ' To this the defendant objected. The court overruled this objection, and the witness answered, ' The mark on the label was rye whiskey.' The jugs were not produced, nor the labels, nor any reason given for not producing them.

" A witness for the government testified that there were in the bar several decanters filled with liquids, resembling various kinds of intoxicating liquors. The defendant called a witness who testified that the liquids in the decanters were waters colored by him by the juices of different berries, and were not intoxicating ; the counsel for the defence saying, when offering the evidence, that he supposed they were put there for the purpose either of deception, ornament, or tantalization. The defendant asked the court to instruct the jury that if they were satisfied the decanters contained no intoxicating liquors, the decanters and contents were not competent evidence for

them to consider upon the question of whether other liquors there found were kept with intent to sell the same. The court refused so to rule, and instructed them that the same were competent evidence for their consideration upon that point.

" The defendant asked the court to instruct the jury that if there was no proof the defendant intended to sell in this commonwealth, the presumption was that he did not intend to sell in this commonwealth. The court ruled that the government must show an intent to sell in this commonwealth, but if an intent to sell existed, no presumption arose, if there was an absence of proof, that his intention was to sell out of the Commonwealth rather than in.

" The court, in explanation of the relations of this section to the rest of the law, instructed the jury that the principle of the section under which this complaint was drawn was to punish any person for preparing or procuring the means to violate the other sections of the act. The defendant at the time called the attention of the court to the same, and gave notice he should except thereto, and the defendant objected to said instruction ; but the court reiterated it.

" The jury found the defendant guilty, and the defendant excepts."

*G. M. Stearns,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. The several rulings of the presiding judge, to which exceptions were taken at the trial, appear to us to have been correct. The inquiry, " Where did you go while there ? " proposed to the witness who went to the dwelling-house of the defendant with a warrant authorizing him to make search of it, obviously had reference to the discovery of intoxicating liquor, and of preparations and arrangements for its sale, made by him during his examination of the premises. His answer shows that it was so understood by him. And as the possession of such liquor and the intention of the defendant respecting its sale were the very matters in issue upon the trial, the testimony of the witness upon these subjects was pertinent and admissible.

The jugs and decanters of which a description was given are well known implements of traffic in that branch of trade ; and it was competent therefore to give evidence, in support of the prosecution, of their appearance and the particular places in the dwelling-house in which they were found. The labels on the jugs do not come within any class of written instruments, the contents of which cannot be proved without producing the original paper or document, or accounting for its loss or unavoidable absence ; 1 Greenl. Ev. § 90 ; and the testimony therefore concerning them was unobjectionable.

The decanters, though filled with water colored by the juices of different berries, and not intoxicating, were still implements such as are ordinarily used in the traffic, and were not the less fit to be considered as part of the evidence in the case, on account of the use to which they were put by the defendant for any one or all of the discreditable purposes suggested by his counsel as the probable motive by which he was actuated.

The jury were correctly instructed that it was incumbent on the government to prove that the defendant intended to sell within this commonwealth the liquor of which he was found to be in possession ; for the place where the intention to sell was to be executed constituted an essential element in the accusation, against him. The additional ruling, that from proof of a mere intention to sell no presumption arose that it was to be executed without, rather than within, the limits of this commonwealth, was also correct. The law attaches no artificial meaning or peculiar significance to such proof. The mere intention to sell can afford no indication of the place in which the vendor proposes either to negotiate or to deliver to the purchaser the commodity sold; and therefore when such place becomes material, it is, like any other essential fact, a matter to be proved by legal and competent evidence.

Whether the presiding judge was correct in the opinion incidentally expressed by him, that the principle of the provisions of the section of the statute, upon which the complaint against the defendant was predicated, was to punish persons for preparing or procuring the means to violate provisions in other sec-

tions of the act, is wholly immaterial, as that was no part of the question to be tried, or to be considered and acted upon by the jury.                                              *Exceptions overruled.*