PEOPLE v. KOWALSKI.

CRIMINAL LAW—ADVERTISEMENT—PRINCIPAL AND AGENT—PHYSICIANS AND SURGEONS.

Where the respondent, a physician, was charged with publishing, contrary to the provisions of Act No. 164, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 5110), an unlawful advertisement in a newspaper, and her defense was that her husband had prepared and carried it to the newspaper and had paid for it without her knowledge or authority by a check signed in blank by respondent and filled in by him, the trial court did not err in charging the jury that it was not necessary to find that the respondent personally directed the insertion of the offen-

sive matter: if she did it through another she was responsible, but the jury must find that she knew it was going to be published and was responsible for it and paid for it with knowledge of what she was doing.

Error to the recorder's court of the city of Detroit; Connolly, J. Submitted January 29, 1914. (Docket No. 143.) Decided March 26, 1914.

Mary Kowalski was convicted of violating Act No. 164, Pub. Acts 1907 (2 How. Stat. [2d Ed.] § 5110). Affirmed.

*Grant Fellows,* Attorney General, *Hugh Shepherd,* Prosecuting Attorney, and *Harry B. Keidan,* Assistant Prosecuting Attorney, for the people.

*C. A. Howell* and *James V. D. Willcox,* for respondent.

OSTRANDER, J. Respondent was convicted by a jury of an offense defined and made punishable by the provisions of Act No. 164, Public Acts of 1907 (2 How. Stat. [2d Ed.] § 5110), namely, that, being a duly registered practitioner in medicine, she inserted or caused to be inserted and printed in a newspaper an advertisement obnoxious to the statute. A motion for a new trial was made upon the grounds that the court erred in receiving in evidence and permitting to be read to the jury a copy of the advertisement, and that the verdict was against the weight of the evidence. A new trial was refused, and exception was taken. This exception is the basis for an assignment of error, and error is assigned upon that portion of the charge in which the court said:

"There is another phase of this case which, I think, requires a word of explanation. It is not necessary to find, in order to convict this defendant, that she personally went over and caused this advertisement

to be inserted. It is sufficient if she caused it to be inserted either in person or by her duly authorized agent. If she was the responsible moving party who incited or procured the publication of that advertisement, and if it is of the character penalized by the statute—namely, if it is an advertisement with reference to diseases of the genito-urinary organs, or venereal diseases, or containing obscene or offensive matter—she would be just as guilty as though she went over there and put it in herself. The mere fact that she did it through somebody else, if she did it, does not relieve her from responsibility; but you must be satisfied, in order to convict her, that she knew it was going in, was responsible for its going in, paid for it, knowing what she was paying for."

The criticism made is that:

"This instruction was misleading and erroneous. It advanced a theory unsupported by any evidence in the case, and in conflict with it; and it introduced the unnecessary and uncertain element of agency as an open question to be passed on by the jury, without any instruction as to what would constitute agency, under the evidence. It ignored the defendant's evidence and theory of defense."

Respondent had, for a considerable time, carried an advertisement, with her picture, in the same newspaper. It was her theory that her husband changed it, prepared the obnoxious advertisement, carried it to the newspaper, and paid for it without her knowledge, with a check signed by her, but signed in blank and filled out by him. Her testimony and that of her husband tended to sustain this theory. It was admitted that in various business matters, other than professional, her husband acted for her, and that he paid bills, using checks signed in blank by her. The advertisement was in the Polish language, correctly described the place where respondent's office was maintained, was published over her name, and accompanied with her picture. It is not claimed that the respondent was entitled to a peremptory instruction

in her favor, and no request was made to have the instruction which was given modified. In view of the defense which was interposed, it is not perceived how the jury could have misinterpreted the instruction. It is a correct statement of the law, which in the language employed by the court, or in some suitable language the people were entitled to have given to the jury. We find no reason for holding that the matter should be submitted to another jury.

Reversible error is not made to appear, and the conviction is affirmed.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.