# CHARLESTON.

## STATE v. RUFUS HENSLEY.

Submitted April 28, 1920.     Decided May 11, 1920.

1.  CRIMINAL LAW—*Supreme Court of Appeals Judicially Knows the Counties and the County Seats Therein.*

    This Court judicially knows that Mingo is one of the counties of this State, and that the city of Williamson is its county seat. (p. 437).

2.  INTOXICATING LIQUORS—*On a Charge of Bringing Whiskey and Brandy Into State, Proof that They Are Intoxicating is Unnecessary.*

    Where in a prosecution for bringing intoxicating liquors into the state, or carrying the same from one point in the state to another therein, in violation of the prohibition laws, the evidence shows that the substance so transported was whiskey and brandy, it is not necessary, in order to a conviction of the defendant to prove that whiskey and brandy will produce intoxication. They are spirituous liquors, and as such their transportation into the state, or from place to place within the state, is inhibited and made unlawful. (p. 437).

    (LYNCH, JUDGE, absent).

Error to Circuit Court, Mingo County.

Rufus Hensley was convicted of bringing intoxicating liquors into the state and of carrying such liquors between points in the state, and he brings error.

*S. B. Avis,* for plaintiff in error.

*E. T. England,* Attorney General, *Charles Ritchie,* Assistant Attorney General, and *Jno. T. Simms,* for the state.

RITZ, JUDGE:

The defendant in this case was found guilty by the verdict of a jury upon an indictment charging him with a violation of the prohibition laws, in that he brought intoxicating liquors into the State of West Virginia, and also carried such intoxicating liquors from one point in the state to another point therein, and to the judgment of the circuit court sentencing him to pay a fine,

and to serve a term of imprisonment, he prosecutes this writ of error.

It appears that about the 28th of August, 1918, a prohibition officer located at the city of Williamson, in the county of Mingo, was informed by someone that there would be some parties coming in on the early morning passenger train with contraband whiskey, and hè procured the services of two other officers to assist him in watching this train, for the purpose of apprehending any guilty parties. When the passenger train arrived he and the persons whom he had called to his assistance observed three men get off the passenger train on the side opposite to that from which passengers were being discharged. These three parties, it was observed, had grips and packages which to the mind of the prohibition officer were suspicious in character. He testifies that the defendant was one of these three men; that one of the officers with him followed the defendant while he went around in another direction to assist in arresting him. He and the other officer who was following the defendant testified that when the defendant observed that he was being followed, and was being watched by the prohibition officer, he deposited the grip which he was carrying, as well as a package which he had in his arms, upon the sidewalk, and went off in the direction of Tug River which, at this point, is the line between the State of West Virginia and the State of Kentucky. He was followed by one of the officers, and noticing this he quickened his gait until before he reached the river bank he was running, and disappeared over the river bank and across the river into the State of Kentucky, thus avoiding arrest. The package and the grip which he placed upon the sidewalk were recovered by the prohibition officer and found to contain two quarts of brandy and twenty-four pints of whiskey. The defendant was thereupon indicted, and upon his return into the county of Mingo was arrested and tried for the offense. He testified that he got off the passenger train on the morning in question. He denied, however, that he had any grip or any package with him, but says that he went from the station to his home in the ordinary way, and that he was not followed by any prohibition officer, or any other officer. In other words, his defense was that the officers were mistaken in

identifying him as the man whom they followed and who disappeared across the river. He introduced some other evidence tending to corroborate his theory of defense.

To reverse the judgment he relies upon two assignments of error: First, he says that the venue was not proved; and, Second, that it is not shown that the liquors were intoxicating.

As to the first proposition, it sffices to say that the witnesses who testified for the state swore that the occurrence was in Mingo county and in the city of Williamson. This Court knows judicially that Mingo is one of the counties of this state, and that the city of Williamson is the county seat of that county, so that there is no merit in that assginment of error.

Neither is there merit in the assignment of error that the liquors were not proved to be intoxicating. The prohibition officer stated that the package and grip placed upon the sidewalk by the defendant contained twenty-four pints of whiskey and two quarts of brandy; that he knew the fluid contained in the bottles was whiskey and brandy from the fact that it was so labelled and had the government stamp thereon. It is true no evidence was offered to show that the whiskey and brandy were intoxicating, nor was it necessary that evidence should be introduced for this purpose. Sufficient proof was offered to justify the jury in finding that the substance contained in the bottles was whiskey and brandy and when this is the case it is not at all necessary to prove that these substances are intoxicating. They are spiritous liquors, and their transportation into the state, or from one point to another within the state, is inhibited by the act. The case of *State* v. *Dennison,* 85 W. Va. 261, 101 S. E. 458, relied upon by the defendant, has no application here. In that case the defense was that while the bottle was labelled whiskey, it contained as a matter of fact another concoction which was neither a spirituous, vinous nor malt liquor, and the state insisted that even though it was not whiskey, as the label on the bottle indicated, the defendant was not entitled to show that it was not intoxicating. We held in that case, however, that where the substance upon which the state relied for conviction was neither a spiritous, vinous nor malt liquor, but was some other concoction, it was necessary to show that it was in-

toxicating, but that where it was one of the liquors specifically inhibited by the act, to-wit, either a spirituous, vinous or malt liquor, no such showing was necessary. In this case the defendant does not attempt to show that the bottles which he is charged with having transported did not contain whiskey and brandy. If he had admitted carrying the liquors, as was done in the Dennison case, but attempted to show that the bottles did not contain whiskey and brandy, but another concoction which was neither a spirituous, malt nor vinous liquor, then it would have been necessary to show, if the jury believed him in this regard, that such other drink was intoxicating.

We find no error in the judgment complained of and affirm the same.

*Affirmed.*