## CHARLESTON.

### STATE v. CHAS. AND ED HUSSION.

Submitted May 2, 1922.    Decided May 9, 1922.

1. CRIMINAL LAW—*In a Prosecution for Transporting Whisky, it is Unnecessary to Prove That it is Intoxicating.*

  In a prosecution for transporting liquors from one point to another within the state, in violation of the Prohibition Act, it is not necessary to prove that the liquor so transported was intoxicating when it appears that it was whiskey. This is a spirituous liquor, and as such its transportation from place to place within the state, in the quantity inhibited by the statute, is unlawful. (p. 147).

2. SAME—*Verdict of Guilty Consistent with the Only Reasonable Interpretation of Evidence Will Not be Set Aside.*

  A verdict of guilty returned by a jury in a criminal case, consistent with the only reasonable interpretation which can be placed upon the evidence and circumstances proven, will not be set aside by this Court. (p. 148).

Error to Circuit Court, Taylor County.

Chas. Hussion and another were convicted of unlawful transportation of intoxicating liquors, and they bring error.

                                        *Affirmed.*

*W. P. Samples,* for plaintiff in error.

*E. T. England,* Attorney General, and *R. A. Blessing* and *R. Dennis Steed,* Assistant Attorneys General, for the State.

RITZ, JUDGE:

  The defendants were jointly indicted in the circuit court of Taylor county, charged with transporting more than one quart of intoxicating liquors from one point to another within the State of West Virginia, during a period of thirty consecutive days, in violation of § 31 of ch. 32 A of the Code. A trial upon the indictment resulted in a verdict of guilty, and a motion to set aside the same being overruled, judgment was rendered that they be confined in jail and sentenced to pay a fine, to review which they prosecute this writ of error.

  It appears that on the 30th of April, 1921, a prohibition

officer swore out a warrant charging the two defendants with
some offense against the prohibition laws, and he, together
with the justice of the peace who issued the warrant, and a
deputy sheriff who was present, went in search of the de-
fendants for the purpose of arresting them.   They met the
defendants upon one of the streets of the city of Grafton, one
being on one side and the other on the other side of the street,
one carrying a sack in which was contained some object, and
the other one carrying a suspicious object concealed about
his blouse.   The officers stopped the automobile in which they
were riding, two of them getting out on one side, and one on
the other, and approached the defendants, two of them ap-
proaching the one who had the sack, and the other one the
other defendant.   When the defendants observed the officers
approaching them, the one having the sack threw it with
violence upon the pavement, and the one who had the object
concealed in his blouse hurled it likewise to the pavement.
The result was that two half-gallon jars which were contained
in the sack were broken, and the contents thereof spilled upon
the ground; and the object in the possession of the other
defendant turned out to be another half-gallon jar, which
was broken, and the contents of it spilled upon the ground.
The officers found, upon examination, that these jars had
contained whiskey; in fact some of the fluid was dripping
from the fragments of the jars at the time they picked them
up.   The defendants were thereupon arrested and indicted as
above indicated.   The officers who made the arrest were unable
to say definitely what quantity of whiskey was in any one of
the jars.   They could tell from the fragments remaining that
they were half-gallon jars, and it was testified by one of them
that from the appearance of the fluid where it was spilled
upon the ground he thought there was about a gallon in the
two jars contained in the sack.   All the witnesses stated that
the fluid was whiskey, and one of them stated that whiskey
is intoxicating.   Upon this showing the jury found the de-
fendants guilty.

They insist here that the conviction cannot be sustained
upon two grounds: first, that there is no evidence that the
fluid contained in the jars was intoxicating; and, second,

that there is no competent evidence to show that there was as much as one quart of whiskey contained therein. There is no merit in the first contention. All three of the State's witnesses testify that the fluid contained in the jars was whiskey, and one of them testified that it was intoxicating. But it was not necessary to affirmatively prove that whiskey is intoxicating. The statute inhibits dealing in malt, vinous or spirituous liquors, wine, porter, ale, beer, or any other intoxicating drink, mixture or preparation of like nature. Where the substance which the defendant is charged with dealing in is a spirituous liquor, there is no necessity for proving that it is intoxicating. The cases in which this proof is required are those in which it is attempted to convict one of dealing in a mixture or preparation of like nature. In that case it must be shown that such mixture or preparation is intoxicating. In this case there is no contradiction that the fluid contained in the jars was whiskey, and whiskey is a spirituous liquor, and under the statute, as construed by our decisions, this was sufficient evidence that the article being dealt in by the defendants was one inhibited by the law. *State* v. *Hensley,* 86 W. Va. 434.

The defendants earnestly contend that there is no sufficient evidence that they were transporting more than one quart of whiskey upon the occasion referred to by the witnesses. It is true there is no direct evidence as to what quantity of whiskey was in these three half-gallon jars. Could the jury infer from the facts proven that there was more than one quart contained therein? There were three jars, each of one-half gallon capacity, and there was whiskey in at least two of these jars, the one which the one defendant had in his blouse, and in at least one of the half-gallon ones which were in the sack containing two half-gallon jars. In all likelihood there was whiskey in both of these jars contained in the sack. The fact that the defendants on this occasion were carrying whiskey in three jars of half-gallon capacity is some evidence that they had the amount of whiskey which the jars would hold, for why should one use three half-gallon jars to carry less than one quart of whiskey? Again, their action in destroying them upon observing the officers is significant. If the

quantity which they were carrying was not inhibited by law, why, upon observing the officers, did they destroy the containers? Evidently for the purpose of attempting to put it beyond the power of the State to prove their guilt. Then, again, one of the witnesses testifies that from the damp place made upon the ground where the two jars were broken, it appeared to him that there must have been something like a gallon of the fluid. The defendants made no explanation of their conduct. We are of the opinion that the facts proven in this case unexplained were sufficient to justify the jury's verdict, and that we would not be warranted in setting it aside for lack of supporting evidence.

It follows that the judgment complained of will be affirmed.

*Affirmed.*