THE STATE OF CONNECTICUT *vs.* JOSEPH KOENIG.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 2d—decided May 7th, 1935.

*Robert L. Halloran,* for the appellant (defendant).

*Edwin W. Higgins,* Prosecuting Attorney, with whom, on the brief, was *V. P. A. Quinn,* for the appellee (the State).

HAINES, J.   The defendant on August 4th, 1934, owned and operated a restaurant in the town of Sprague in New London County, under a permit authorizing him to sell wine and beer to be consumed on the premises, granted him by the liquor control commission, under the provisions of General Statutes, Cum. Sup. 1933, Chap. 151, § 690b.

The first count of the information charged that, on the date named, the defendant delivered alcoholic liquor to Fred Erlbach knowing at the time of such delivery that Erlbach was a minor under the age of eighteen years, and the second count charged that he permitted such minor to loiter on his premises where alcoholic liquors were kept for sale.   The defendant, being acquitted on the second count, this appeal relates only to his conviction under the first count.

This count is based upon the provisions of the Liquor Control Act above referred to, § 727b, the applicable portions of which are that every permittee who by himself, his servant or agent, shall deliver al-

coholic liquor to any minor under the age of eighteen, and "every person, except the parent or guardian of a minor under the age of eighteen, who shall deliver or give any such liquors to such minor, except on the order of a practicing physician," shall be subject to penalties provided by the act.

The State offered evidence to prove and claimed to have proved that on the day in question, the defendant was a permittee as above stated and had in his restaurant a bar, over which alcoholic liquors were sold by him; that on that day there were in that restaurant Eugene Boucher, Fred Erlbach and a minor son of the latter, Fred Erlbach, Jr., a boy fourteen years of age; that the boy there and then received a glass of alcoholic liquor, viz., beer, which he drank while standing at the bar; that the defendant drew, served and delivered the beer over the bar; that the defendant knew that that beer which he placed on the bar was to be consumed by the boy, and that before the beer was delivered to the boy, he knew that he was fourteen years of age.

The defendant offered evidence to prove and claimed to have proved that about eleven o'clock in the forenoon of that day, Boucher and Erlbach entered the restaurant leaving the boy outside in a car and each man was served a glass of beer by the defendant; that Boucher, while standing at the bar with Erlbach, asked of the latter and received from him, permission to give the boy a glass of beer; that Boucher then called the boy into the restaurant where he stood next to the door at the end of the bar; that the defendant at the request of Boucher, placed a glass of beer on the bar in front of Boucher and returned to a sink situated near the center of the bar, to continue the washing of glasses; that Boucher took the glass of beer from the bar and handed it to the boy

who drank it; that the defendant did not see the boy until he had consumed the beer and was leaving the restaurant with his father, and that he did not know that the boy was a minor or that he had been given the beer.

Errors are assigned to portions of the charge. The court read to the jury that portion of § 727b above quoted, which referred to permittees, but did not read that portion relating to "every person." The defendant claimed this was prejudicial to him, but this assignment is not pressed in the brief and is without merit.

The court also said that it was "an undisputed fact, as I take it," that the beer which the boy received was alcoholic liquor within the definition of the statute. It is insisted by the defendant that no proof was offered that it was alcoholic liquor and that the defendant at no time admitted it was. In this connection, the defendant seeks by another assignment to correct the finding, which was that there was evidence that the beer was in fact alcoholic liquor. There was evidence given by the defendant himself that he was maintaining this bar and selling beer under his authority as permittee, and it is further clear from all the evidence that the beer which the boy received and drank, was drawn, paid for and delivered exactly as was the beer served to other customers. Beer with an alcoholic content of less than one half of one per cent by volume, or "near beer" is not within the definition of alcoholic liquor or controlled by the Liquor Control Act. General Statutes, Cum. Sup. 1933, Chap. 151, § 670b. There was no evidence and no claim made at the trial that this beer was other than beer handled under the defendant's permit and hence alcoholic liquor. The only conclusion reasonably possible from the evidence was that this beer was alco-

holic liquor. It was a question of fact for the jury and "like any other fact it may be established by any relevant evidence, direct or circumstantial, or by inferences reasonably drawn from other competent facts established." *State* v. *Boucher,* 119 Conn. 436, 439, 177 Atl. 383. There was no attempt to dispute this conclusion and the defendant could not have been harmed by the court's characterization of it as "undisputed."

The court also charged that if the defendant knew that the boy was present in the restaurant and that the purchase of the beer by Boucher was made for consumption by the boy, and that the defendant served it with the intent that it should be delivered to the boy, it would constitute a delivery by the defendant within the prohibition of the statute, even though it first passed through the hands of Boucher. The court continued: "If you are satisfied beyond a reasonable doubt that on the day in question a glass of beer was purchased by Boucher or by the father of the minor and with the knowledge on the part of the defendant that it was purchased for consumption by the minor and that the beer was delivered to the minor by the defendant, passing it first to Boucher and by Boucher passing it to the minor in the presence and with the knowledge of the defendant, then that was a delivery to the minor and you would be justified, if you find those facts established beyond a reasonable doubt, . . . in finding the defendant guilty under the first count." Later, the court added that "the consent of the parent that delivery of alcoholic liquor might be made to his minor child doesn't excuse the delivery of such alcoholic liquor or doesn't prevent that delivery from constituting a violation of the statute."

The defendant takes exception to this statement

of the law, his contention being that "even though the defendant knew Boucher intended to redeliver to a minor . . . such act would not constitute a crime on his part," and insists that Boucher and not the defendant delivered the beer and in so doing was the agent of the parent and acted for the parent who was "clearly within the specific exemption of the statute."

If this were so, any minor of whatever age, could enter a restaurant where alcoholic liquors were sold under a permit from the liquor control commission and receive and drink such liquor at the bar, provided the father or guardian or someone authorized by them, handed it to the minor. It is too obvious for serious discussion that such an interpretation of the statute would nullify its fundamental purpose, which is the protection of minors in public resorts where intoxicating liquors are dispensed. This is not the case of a parent or guardian giving liquor to his minor in the home or at some place other than a licensed public resort. We are dealing here with the restrictions imposed upon a permittee, and the one now in question was clearly intended to deny to the permittee the right to furnish alcoholic liquor to be drunk by a minor on his premises, or to permit a minor to loiter there, and this restriction cannot be removed by the word or act of a parent or guardian. *State* v. *Munson,* 25 Ohio St. 381; *People* v. *Neumann,* 85 Mich. 98, 48 N. W. 290; *Walton* v. *State,* 62 Ala. 197, 200; *Nelson* v. *State,* 111 Wis. 394, 87 N. W. 235. The defendant cannot justify the very thing the statute was intended to prevent on the ground that the result was brought about by the intervention of a third party who cannot himself be held criminally liable, and thus avoid the penalty of the statute. *Seifert* v. *State,* 160 Ind. 464, 465, 67 N. E. 100;

*People* v. *Kowalski*, 179 Mich. 368, 146 N. W. 177; *State* v. *Shurtliff*, 18 Me. 368, 371.

Other exceptions to the charge, so far as they are important, relate more or less directly to the question we have discussed and need not be further considered.

Reading the evidence and considering the appeal from the refusal to set aside the verdict, it is patent that there was a direct conflict of testimony upon certain important features of the case. There was testimony from at least two witnesses, as well as some confirmatory testimony from others, which it was the privilege of the jury to believe, as apparently they did, that Boucher said to the defendant, "Give the boy a glass of beer if his father is willing;" that the defendant, before furnishing the beer, asked how old the boy was, and was told that he was fourteen, and that the defendant then "dished up the beer" and said "I'll give it to him provided you will hand it to him." It is true the defendant denied this conversation and other testimony of the State's witnesses, and others said they did not hear it. This but created the conflict of testimony usual in such cases, and in deciding to accept the testimony of these witnesses for the State rather than that of the defendant and others, the jury were exercising a prerogative with which we cannot interfere.

We are satisfied from the whole record that the defendant had a fair trial, that the jury was correctly instructed and that their verdict was one which finds reasonable support in the evidence.

There is no error.

In this opinion the other judges concurred.