The defendant was charged with nine counts of selling alcoholic liquor to minors and nine counts of permitting minors to loiter on permit premises. The court found him not guilty on all nine counts of selling liquor to minors, but he was convicted on six counts of permitting minors to loiter on premises where alcoholic liquor is kept for sale, in violation of § 30-90 of the General Statutes. The last assignment of error raises the ultimate question whether upon all the evidence the court *Page 474 
was justified in finding the defendant guilty beyond a reasonable doubt and makes unnecessary a detailed consideration of the claims of error directed against the finding. State v. Serkau, 128 Conn. 153,154.
The statute in question provides as follows: "Sec.30-90. Loitering on permit premises. Any permittee who, by himself, his servant or agent, permits any minor or any female, unless she is the proprietor or an employee of the proprietor, or any person to whom the sale or gift of alcoholic liquor has been forbidden according to law by the selectmen, either because of the complaint of some relative of such person or because such person or some member of his legal family had received town aid for support within the time specified by law, to loiter on his premises where such liquor is kept for sale, or allows any minor, unless accompanied by his parent or guardian, to be in any room where alcoholic liquor is served at any bar, shall be subject to the penalties of section 30-113." Under this statute, the state had the burden of proving beyond a reasonable doubt, among other things, that alcoholic liquor was kept for sale on the premises and that the minors were permitted to loiter on the premises.
The evidence that alcoholic liquor was being kept for sale on the premises was that beer was sold and consumed. The statute defines "alcoholic liquor" to include beer, but also provides that the statute does not apply to any liquid containing less than one-half of one percent of alcohol by volume. § 30-1 (2). It is well established under this statute that proof beyond a reasonable doubt is required that the liquor or beer contained more than one-half of one percent of alcohol by volume. State v. Levy, 103 Conn. 138,146; State v. Boucher, 119 Conn. 436, 439; State v.Koenig, 120 Conn. 39, 42. Proof of this fact may be established by a certified copy of a chemical analysis *Page 475 
by a state or United States government chemist, or it may be established from other evidence, or from both expert and other evidence. § 30-109; State v.Levy, supra; State v. Boucher, supra; State v.Koenig, supra.
In the instant case, the trial court rejected the state's offer of a report of a chemical analysis of the beer in question on the ground that the report was not properly certified or endorsed authoritatively. Other circumstantial evidence as to the alcoholic content of the beer, in a case such as this, where the issue is contested, falls far short of the proof required. State v. Koenig, supra. The trial court, therefore, could not reasonably find beyond a reasonable doubt that "alcoholic liquor" as defined in the statute was kept for sale on the premises.
The generally accepted definition of "loiter" is to "stand around or move slowly about; to spend time idly; to saunter; to delay; to linger." Black, Law Dictionary (3d Ed.); Webster, Third New International Dictionary. This definition of the word "loiter" has been applied, as to its meaning and usage, by our Supreme Court of Errors to the liquor control statute which was the predecessor of the current statute. State v. Tobin, 90 Conn. 58, 62.
The evidence in this case is that the minors in question, consisting of college students, male and female, were in the large dining room of the premises, sitting at tables or dancing, talking, sipping "beer" or soda, and eating pretzels or potato chips. There were more than 100 persons in the room in question. The evidence falls far short of proof of "loitering" within the meaning of the statute. The court could not reasonably find beyond a reasonable doubt that the defendant permitted the minors in question "to loiter" within the meaning of the statute. *Page 476 
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty, on all six counts, and ordering that he be discharged.
In this opinion REICHER and KINMONTH, Js., concurred.