STATE OF CONNECTICUT *v.* ABRAHAM FELDMAN

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 11-2434

Argued November 4, 1963—decided January 13, 1964

*Irwin I. Krug,* of Willimantic, for the appellant (defendant).

*Philip M. Dwyer,* prosecuting attorney, for the appellee (state).

DEARINGTON, J. The defendant was found guilty of selling liquor to a minor in violation of § 30-86 of the General Statutes. In his appeal the defendant claims that the court was in error in concluding that on all the evidence he was guilty beyond a reasonable doubt. He neither testified nor offered any evidence in his own behalf.

On May 4, 1963, a social fraternity at the University of Connecticut held a party in a restaurant at Storrs. On May 6, the chief of the security police department at the university, in making a search, found ten cases of empty champagne bottles in the rear of the restaurant. The social chairman of this fraternity had called the defendant's package store in advance and ordered the champagne. On the day before the party, he had gone to the defendant's store, accompanied by a fraternity brother, and picked up the ten cases, paying the defendant the

purchase price of $256. Both the social chairman and his friend were twenty years old.

The defendant's basic claims are that the evidence was not sufficient to prove a sale to a minor or that the bottles had contained alcoholic liquor within the intendment of the statute, and that error was committed in admitting the labels affixed to the empty bottles.[1] Under his first claim the defendant argues that, since the state alleged only a sale in the information, it therefore limited itself to that accusation. Section 30-86 makes either a sale or a delivery of alcoholic liquor to a minor an offense. The state argues that a conviction could be sustained if the court found or could reasonably have found that either a sale or a delivery of alcoholic liquor had taken place. Since the defendant comes to us on a general assignment of error, no finding was necessary and no finding was in fact made. Practice Book, 1963, § 995. The remarks of the court, however, prior to the pronouncement of judgment, as they appear in the transcript certified to us, leave little doubt that the court based its judgment of guilt on a sale. Because of this fact, it is not necessary for us to consider the state's contention as it relates to delivery. Parenthetically, however, it may be added that "[t]he information must contain a statement of facts essential to constitute the crime with such certainty that the court may see a definite offense on the record to which its judgment may apply and that the conviction or acquittal of the accused may be pleaded in bar to a subsequent prosecution for the same offense." *Grasso v. Frattolillo*, 111 Conn. 209, 213.

---

[1] It was agreed that the state had available for proposed exhibits ten cases of empty bottles in the rear of the restaurant. Only one case, however, was received in evidence, it being stipulated that there were nine other similar cases. The defendant raised no objection to the admission of the bottles as such but objected to the admission of the labels affixed to each bottle.

The defendant contends that a fraternity is not a minor, that the sale was made to the fraternity, the purchaser merely being an agent of the fraternity, and that therefore the statute has not been violated. Section 30-86 makes no such distinction either directly or by implication. It provides that "[a]ny permittee who, by himself, his servant or agent, sells or delivers alcoholic liquor to any minor" shall be punished. The evil aimed at is the obtaining of alcoholic liquor by minors, either by sale or delivery. Section 30-1 (12) provides: " 'Minor' means any person under twenty-one years of age." "A sale implies an ownership in the thing sold and a transfer of that ownership to another. . . . It involves the passing of title." *State* v. *Mad River Co.*, 92 Conn. 35, 38. When the social chairman paid the defendant and received the champagne for the consideration, a sale had been made. The court was not in error in concluding that a sale had been made. The court was not in error in concluding that a sale had been made to a minor.

The other claims of error may be considered together, since they relate to whether there was sufficient evidence of the alcoholic contents of the bottles, that is, whether the contents contained more than one-half of one percent of alcohol by volume and were thus alcoholic liquor within the statutory definition. General Statutes § 30-1 (2). Although it was true that no chemical analysis was offered in evidence, it is also true that there is no exclusive method of proving alcoholic contents. "Whether the liquor in question was 'alcoholic liquor' within the . . . [statutory definition], is a question of fact. Like any other fact it may be established by any relevant evidence, direct or circumstantial, or by inferences reasonably drawn from other competent facts established." *State* v. *Boucher*, 119 Conn. 436, 439. Here, there was evidence that two of the state's wit-

nesses had prior experience in drinking champagne and were familiar with its taste, and the champagne in question was similar in taste to that drunk on prior occasions and was known to them to be champagne. Furthermore, the beverage ordered, called for, delivered and paid for was referred to by the descriptive name "champagne." "Champagne" is an alcoholic beverage classified as a variety of "wine." General Statutes § 30-1 (20). Furthermore, the court had available as evidence the bottles and the labels affixed to each bottle. Although the defendant admits the labels indicate an alcoholic content in excess of one-half of one percent by volume, he claims the court was in error in admitting the labels for the reason that they were hearsay. No question is raised that the bottles and labels in evidence were not the bottles which, with the labels affixed, were purchased from the defendant. It has been held that a label on a bottle indicating its alcoholic content is admissible as prima facie evidence that the bottle contains what it is represented by its label to contain. *Cunningham* v. *State*, 207 Ala. 433, 434; *McGovern* v. *State*, 11 Ga. App. 267; *State* v. *Giroux*, 75 Kan. 695; *Commonwealth* v. *Blood*, 77 Mass. 74, 77; *Woods* v. *State*, 316 P.2d 628, 631 (Okla. Crim.); *Hawkins* v. *State*, 142 Tenn. 238; *Dabney* v. *State*, 141 Tex. Crim. 16, 22; *State* v. *Hensley*, 86 W. Va. 434, 436. The trial court committed no error in admitting the labels; in fact it could hardly have done otherwise. The labels were prima facie evidence of the alcoholic content of the bottles to which they were affixed.

The state had made out a prima facie case of the sale of alcoholic liquor to a minor within the prima facie rule laid down in *State* v. *Pundy*, 147 Conn. 7, 12. The trial court was therefore entitled to take into consideration the fact that the defendant did not testify. Ibid. Upon the evidence, including the

inferences the court was warranted in making, the court was justified in concluding that the defendant was guilty of the offense charged beyond a reasonable doubt.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.