J-S12039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY EDWARD KRISTMAN, | : | |
| | : | |
| Appellant | : | No. 1287 MDA 2018 |

Appeal from the PCRA Order Entered July 10, 2018
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002560-2014

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:     **FILED: APRIL 30, 2019**

Roy Edward Kristman ("Kristman") appeals from the Order denying his first Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. Counsel for Kristman has filed a Petition to Withdraw from representation, and an appellate brief (the "No-Merit Brief").[1]

_____

[1] Counsel's appellate brief appears to be in the nature of a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on *direct appeal*. When, as in this case, counsel seeks to withdraw from representation on *collateral appeal*, the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), are applicable. However, because an *Anders* brief affords greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* "no-merit" letter. *See Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

We deny counsel's Petition to Withdraw, reverse the Order of the PCRA court, and remand for further proceedings.

On September 4, 2014, Kristman pled guilty to rape by forcible compulsion, rape of a substantially impaired person, aggravated assault, robbery and simple assault.[2] On that same date, the trial court sentenced Kristman to 6-12 years in prison, and ordered an assessment to determine whether Kristman is a sexually violent predator ("SVP"), pursuant to the Sexual Offender Registration and Notification Act ("SORNA").[3] Kristman subsequently was determined to be an SVP, and therefore subject to SORNA's lifetime registration requirement.

On July 5, 2018, Kristman filed a *pro se* Motion to be Removed from SORNA. The common pleas court denied the Motion, after which Kristman timely filed a *pro se* Notice of Appeal. On August 9, 2018, this Court entered an Order remanding the matter for a determination of whether Kristman is entitled to court-appointed counsel, concluding that Kristman's Motion "should be treated as an untimely first PCRA petition, … for which Kristman is entitled

---

[2] **See** 18 Pa.C.S.A. §§ 3121(a)(1), 3121(a)(4), 2702(a)(1), 3701(a)(1), 2701(a)(1).

[3] **See** 42 Pa.C.S.A. §§ 9799.10-9799.42.

to counsel."[4]  **See Commonwealth v. Kristman**, No. 1287 MDA 2018 (Pa. Super. filed August 9, 2018) (Order) (citations omitted).

On remand, the PCRA court appointed counsel for Kristman, and entered an Order directing Kristman to file a concise statement of matters complained of on appeal, in accordance with Pa.R.A.P. 1925(b).  Counsel thereafter indicated her intention to file a no-merit brief.  In this Court, counsel has filed a No-Merit Brief and a Petition to Withdraw from representation.

Before addressing counsel's Petition to Withdraw and the issue raised in Kristman's No-Merit Brief, we first must address the procedural posture of this case.  Kristman filed his *pro se* Motion to be Removed from SORNA on July 5, 2018.  By his Motion, Kristman alleged that his sentence was rendered illegal by the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017).[5]  The PCRA court denied Kristman's

_____

[4] We note that on October 24, 2018, the legislature amended the PCRA's timeliness requirement.  **See** Act 2018, Oct. 24, P.L. 894, No. 146, §§ 2-3.

[5] In **Muniz**, the Pennsylvania Supreme Court held that the registration requirements under SORNA are punitive in nature, and, consequently, the retroactive application of SORNA's registration provisions violates the *ex post facto* clause of the United States Constitution.  **Muniz**, 164 A.3d at 1218.  In **Butler**, this Court applied **Muniz** and determined that, "as a result of **Muniz**, the SVP procedure is subject to the constitutional requirement that the facts constituting that punishment must be found by a fact-finder beyond a reasonable doubt."  **Commonwealth v. Tighe**, 184 A.2d 560, 583 (Pa. Super. 2018).  This Court filed its decision in **Butler** on October 31, 2017.

Motion without appointing counsel. Because this was Kristman's first PCRA Petition, he was entitled to the appointment of counsel. ***See Commonwealth v. Smith***, 818 A.2d 494, 498 (Pa. 2003) (stating that "[t]he rules of criminal procedure require the appointment of counsel in PCRA proceedings."); ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1262 (Pa. Super. 2001) (holding that an appellant is entitled to representation of counsel for a first PCRA petition, "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented"). "The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel."[6] ***Commonwealth v. Albrecht***, 720 A.2d 693, 699 (Pa. 1999).

Consequently, we are required to deny counsel's pending Petition to Withdraw, reverse the Order of the PCRA court, and remand the matter for further proceedings. On remand, counsel may file an amended PCRA petition, if necessary.

Petition to Withdraw denied. Order reversed. Case remanded for further proceedings consistent with this Memorandum. Superior Court jurisdiction relinquished.

---

[6] Additionally, the PCRA court failed to issue the required notice of its intention to dismiss Kristman's Petition without a hearing. ***See*** Pa.R.A.P. 907(1) (requiring that a PCRA court "give notice to the parties of the intention to dismiss the petition and … state in the notice the reasons for the dismissal.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/2019